1  LEE M. GORDON (SBN 174168)
   *lee@hbsslaw.com*
2  ELAINE T. BYSZEWSKI (SBN 222304)
   *elaine@hbsslaw.com*
3  HAGENS BERMAN SOBOL SHAPIRO LLP
   301 North Lake Ave., Suite 203
4  Pasadena, CA 91101
   Telephone: (213) 330-7150
5  Facsimile: (213) 330-7152

6  *Attorneys for Plaintiff the City of Los Angeles*

7
   STEVEN A. ELLIS (SBN 171742)
8  *sellis@goodwinprocter.com*
   LAURA A. STOLL (SBN 255023)
9  *lstoll@goodwinprocter.com*
   GOODWIN PROCTER LLP
10 601 S. Figueroa Street, 41st Floor
   Los Angeles, CA  90017
11 Telephone:  (213) 426-2500
   Facsimile:  (213) 623-1673
12
   *Attorneys for Defendants Bank of America*
13 *Corp.; Bank of America, N.A.; Countrywide*
   *Bank, FSB; Countrywide Fin. Corp.; and*
14 *Countrywide Homeloans, Inc.*

15

16

17                    **UNITED STATES DISTRICT COURT**

                      **CENTRAL DISTRICT OF CALIFORNIA**
18
                         **WESTERN DIVISION**
19

20 CITY OF LOS ANGELES, a municipal        Case No.  2:13-cv-09046-PA (AGRx)
   corporation,
21                                          **PROTECTIVE ORDER ON**
             Plaintiff,                     **STIPULATION REGARDING**
22                                          **CONFIDENTIAL INFORMATION**
             v.
23
   BANK OF AMERICA
24 CORPORATION; BANK OF
   AMERICA, N.A.; COUNTRYWIDE           **DISCOVERY MATTER**
25 FINANCIAL CORPORATION;
   COUNTRYWIDE HOME LOANS; and
26 COUNTRYWIDE BANK, FSB,

27           Defendants.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

**IT IS HEREBY ORDERED**, good cause appearing, that the terms of the Stipulation Regarding Confidential Information, attached hereto as ***Exhibit A***, submitted and agreed to by Plaintiff City of Los Angeles and Defendants Bank of America Corporation; Bank of America, N.A.; Countrywide Financial Corporation; Countrywide Home Loans; and Countrywide Bank, FSB, meet with the approval of the Court. The Stipulation Regarding Confidential Information is hereby adopted as the Order of the Court.

**IT IS SO ORDERED.**

Dated:  December 16, 2014   _____

HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1   LEE M. GORDON (SBN 174168)
    lee@hbsslaw.com
2   ELAINE T. BYSZEWSKI (SBN 222304)
    elaine@hbsslaw.com
3   HAGENS BERMAN SOBOL SHAPIRO LLP
    301 North Lake Ave., Suite 203
4   Pasadena, CA 91101
    Telephone: (213) 330-7150
5   Facsimile: (213) 330-7152

6   Attorneys for Plaintiff the City of Los Angeles

7

8   STEVEN A. ELLIS (SBN 171742)
    sellis@goodwinprocter.com
9   LAURA A. STOLL (SBN 255023)
    lstoll@goodwinprocter.com
10  GOODWIN PROCTER LLP
    601 S. Figueroa Street, 41st Floor
11  Los Angeles, CA 90017
    Telephone: (213) 426-2500
12  Facsimile: (213) 623-1673

13  Attorneys for Defendants Bank of America
    Corp.; Bank of America, N.A.; Countrywide
14  Bank, FSB; Countrywide Fin. Corp.; and
    Countrywide Homeloans, Inc.

15  [Additional Counsel Listed on Signature Page]

16              **UNITED STATES DISTRICT COURT**

17             **CENTRAL DISTRICT OF CALIFORNIA**

18                   **WESTERN DIVISION**

| | |
|---|---|
| 19   CITY OF LOS ANGELES, a municipal corporation, | Case No. 2:13-cv-09046-PA (AGRx) |
| 20              Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| 21        v. | |
| 22   BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS; and COUNTRYWIDE BANK, FSB, | Complaint filed: December 6, 2013 |
| 23 | **DISCOVERY MATTER** |
| 24 | |
| 25              Defendants. | |
| 26 | |

27

28

4

In order to protect confidential information obtained from or disclosed by the parties in connection with the above-captioned matter (the "Litigation") and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties stipulate as follows:

## PURPOSES AND SCOPE

1.     Disclosure and discovery activity in this Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted.  The unrestricted disclosure of such information would cause undue damage to the parties and their businesses. Accordingly, the parties in this action hereby stipulate to and petition the Court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable legal principles.

2.     ***The parties further acknowledge, as set forth in ¶ 15, below, that this Protective Order creates no entitlement to file Confidential Information under seal***.  Local 79-5.1 and California's Pilot Project for the Electronic Submission and Filing of Under Seal Documents set forth the procedures that must be followed, and reflects the standards that will be applied, when a party seeks permission from the Court to file material under seal.

3.     This Order shall govern all materials produced as part of a party's Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1), produced in connection with this Litigation, or produced in response to any discovery request in the Litigation (including, but not limited to, documents, deposition transcript, interrogatory responses, and responses to requests for admission) to any party or non-party subpoena; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Discovery Materials").

ACTIVE/80455083.2

## DESIGNATING CONFIDENTIAL MATERIAL

4.     Any party or non-party may designate as confidential (by stamping the relevant page "Confidential" or as otherwise set forth herein) any Discovery Materials which that party or non-party ("Designating Party") considers in good faith  are confidential because they include any of the following: (a) sensitive nonpublic financial information or statements; (b) business or technical information (including, but not limited to, business methods or practices, business plans and records of internal deliberations and decision-making, and policies and procedures or trainings not generally published) that, if disclosed to the general public or competitors of the Designating Party, could reasonably be expected to cause harm to the Designating Party; (c) trade secrets; (d) individual personal information that is protected from disclosure under state or federal law (including "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations); (e) information that the Designating Party has a duty to a third person or the court to maintain confidential; (f) or confidential business or financial information subject to protection under California or federal law, or another applicable legal standard  ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

5.     The Designating Party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally the Designating Party may designate in writing, within 30 days after service of said responses or receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information.  Any other party may object to such proposal, in writing or on the record.  Deposition transcripts shall be treated in their entirety as Confidential

ACTIVE/80455083.2

1  Information for 30 days after receipt, unless a motion is due to be filed, in which

2  case the 30 day period expires five days prior to the motion filing deadline.  If a

3  transcript is received within five days prior to a motion filing deadline, the transcript

4  shall be treated as Confidential Information until two court days prior to the motion

5  filing deadline.  All parties shall affix the legend required by ¶ 4 on each page of the

6  deposition transcript designated Confidential Information at the deposition or by

7  subsequent written notice.

8       6.    In the event that a party believes that any Discovery Materials produced

9  by a Designating Party contain its own Confidential information, such party (the

10  "Designating Party") may request, by notice in writing to the parties, that such

11  documents be considered Confidential under the terms of this Protective Order.

12  Absent any challenges to said request, such documents shall be considered so

13  designated.  Any challenges to such designation shall follow the procedure outlined

14  below and shall in all respects be considered as if the Designating Party produced

15  the material in the first instance with the designation.

16       7.    To the extent that information stored or recorded in the form of

17  electronic or magnetic media (including information, files, databases, or programs

18  stored on any digital or analog machine-readable device, computers, discs, networks

19  or tapes) ("computerized material") is produced in a native or other form such that it

20  cannot be stamped as described in the preceding paragraphs, the Designating Party

21  may designate such matter as Confidential by cover letter referring generally to such

22  matter and by labeling such media accordingly.

23       8.    If it comes to a Designating Party's attention that information or items

24  that it designated for protection do not qualify for protection at all, the Designating

25  Party must promptly notify all other parties that it is withdrawing the mistaken

26  designation.

27       9.    A party or non-party's inadvertent failure to timely designate any

28  Discovery Materials as Confidential Information does not waive that party's right to

7

1  secure protection under this Order for such material.  At any time, the Designating

2  Party may designate Discovery Materials as Confidential Information by providing

3  written notice to the receiving party.  Upon receiving notification of the designation,

4  the receiving party must make reasonable efforts to assure that the Confidential

5  Information is treated in accordance with the provisions of this Order going forward.

6        10.    A party or non-party's failure to designate Discovery Materials as

7  Confidential Information does not constitute forfeiture of a claim of confidentiality

8  as to any other Discovery Materials.

9  **NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

10        11.    Except with the prior written consent of the Designating Party, or as

11  otherwise permitted pursuant to this Protective Order, Discovery Materials

12  designated Confidential Information shall only be used for the purpose of this

13  Litigation, the matter of *Los Angeles Unified School District v. Bank of America*

14  *Corp. et. al.*, No. 2:14-cv-07364 (C.D. Cal.), any matter that this Court deems

15  formally related to this action, and any related appellate proceedings (collectively,

16  the "Relevant Litigation"), and not for any other present or future disputes,

17  proceedings or litigation, or any other business, commercial, competitive, personal,

18  private, public, or other purpose whatsoever.  The parties may agree to permit the

19  use of some or all of the Discovery Materials designated as Confidential Information

20  pursuant to this Protective Order in other related litigation matters, subject to their

21  continued protection from disclosure under the terms of this Protective Order.

22  **PERMISSIBLE DISCLOSURES**

23        12.    Discovery Materials designated Confidential Information in accordance

24  with the terms of this Protective Order shall not be disclosed to any person other

25  than the following, and only to the extent necessary in connection with the Relevant

26  Litigation:

27        a)    counsel for the parties to the Relevant Litigation, including in-

28  house counsel, co-counsel, and their associated attorneys, paralegals, and other

8

1  professional personnel provided they are assisting such counsel with the Relevant

2  Litigation; are under the supervision or control of such counsel, and who have been

3  advised by such counsel of their obligation hereunder;

4            b)      persons or entities that provide litigation support services (*e.g.*,

5  photocopying; videotaping; translating; preparing exhibits or demonstrations;

6  organizing, storing, retrieving data in any form or medium; etc.) and their

7  employees and subcontractors, provided they are assisting with the Relevant

8  Litigation and are under the supervision or control of counsel for the parties to this

9  Litigation, and  have been advised by such counsel of their obligation hereunder;

10            c)      any officer or employee of a party, to the extent deemed

11  necessary by counsel for the prosecution or defense of the Relevant Litigation;

12            d)      outside consultants or expert witnesses retained or consulted in

13  connection with the Relevant Litigation, provided that each such person shall

14  execute a copy of the certification annexed to this Protective Order as Exhibit A

15  before being shown or given any Confidential Information;

16            e)      other witnesses who may testify at a deposition, hearing, or at

17  trial, provided that such witnesses shall execute a copy of the certification annexed

18  to this Protective Order as Exhibit A before being shown or given any Confidential

19  Information;

20            f)      an officer before whom a deposition is taken, including

21  stenographic reports and any necessary secretarial, clerical or other personnel of

22  such officer, provided that such persons shall execute a copy of the certification

23  annexed to this Protective Order as Exhibit A before being shown or given any

24  Confidential Information;

25            g)      the original authors or recipients of the Confidential Information;

26            h)      the Court, court personnel and court reporters; and

27            i)      any other person provided that (i) the Designating Party has

28  consented in writing to disclosure to such other person(s) and (ii) such person(s)

1   shall execute a copy of the certification annexed to this Protective Order as Exhibit
2   A before being shown or given any Confidential Information.

3   **RESOLVING DISPUTED CLASSIFICATIONS**

4   13.   Should a party wish to object to a confidential designation of any
5   Discovery Materials (the "Objecting Party"), the Objecting Party shall notify the
6   Designating Party in writing the basis for the dispute ("Designation Objection").  In
7   its Designation Objection, the Objecting Party shall identify the specific Discovery
8   Materials as to which the designation is disputed (*i.e.*, by document bates numbers,
9   deposition transcript page and line reference, or other means sufficient to locate
10  such materials).

11  a)   Within 15 days of receiving the Designation Objection, the
12  Designating Party and the Objecting Party shall meet and confer in good faith to
13  attempt to resolve the dispute without involvement of the Court.

14  b)   If no resolution is reached, this Order shall be without prejudice
15  to the right of the parties (i) to bring before the Court through a jointly filed
16  stipulation, pursuant to Local Rules 37-1 and 37-2 governing discovery disputes, at
17  any time the question of whether any particular document or information is
18  confidential or whether its use should be restricted or (ii) to present a motion to the
19  Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular
20  document or information, including restrictions differing from those as specified
21  herein.  This Order shall not be deemed to prejudice the parties in any way in any
22  future application for modification of this Order.

23  c)   Nothing in this Protective Order shall be deemed to prevent the
24  Designating Party from arguing for limits on the use or manner of dissemination of
25  Discovery Materials that is found to no longer constitute Confidential Information.

26  **SUBPOENA BY OTHER COURTS OR AGENCIES**

27  14.   If at any time any Confidential Information is subpoenaed by a court,
28  administrative or legislative body, or by any other person or entity purporting to

10

have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to the Designating Party within five days.  After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed.  If the person seeking to maintain confidentiality does not move for a protective order or other legal intervention within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such action to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto.  The person to whom the subpoena is directed shall not produce any Confidential Information while a motion for a protective order or other legal intervention brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

## FILING DOCUMENTS UNDER SEAL

15.    No Confidential Information shall be filed in the public record without the written permission of the Designating Party, or a court's order.  The parties shall comply with L.R. 79-5.1 and the procedures set forth in California's Pilot Project for the Electronic Submission and Filing of Under Seal Documents.

16.    Copies of any pleading, brief, or other Discovery Materials containing Confidential Information which is served on opposing counsel shall be delivered in a sealed envelope stamped:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and shall be treated in accordance with the provisions of this Protective Order.

11

ACTIVE/80455083.2

**CONFIDENTIAL INFORMATION AT TRIAL OR HEARINGS**

17.    The restrictions, if any, that will govern the use of Confidential Material at trial or hearings, will be determined at a later date by the Court, in consultation with the parties.

**INADVERTANT DISCLOSURE OF CONFIDENTIAL INFORMATION**

18.    If a party or its counsel inadvertently discloses Confidential Information to persons who are not authorized, pursuant to this Order, to use or possess the Confidential Information, the party who inadvertently disclosed the Confidential Information shall (i) provide prompt written notice of the disclosure to the Designating Party upon learning of its inadvertent disclosure; and (ii) seek the immediate return of the Confidential Information from the unauthorized party in possession of the Confidential Information.

**ACTIONS TO PROTECT PERSONALLY IDENTIFABLE INFORMATION**

19.    In the event that the Court determines that there is an actual or threatened breach of this Order by the party who received Confidential Information that contains personally identifiable information, the parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to prevent further disclosure of such personally identifiable information, in addition to any other remedy the party may be entitled at law or in equity.

**NON-TERMINATION**

20.    All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Litigation.  Upon the conclusion of the Litigation, including any appeals, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, work product, and deposition transcripts, shall either (a) return such documents no later than 60 days after conclusion of this action to counsel for the Designating Party, or (b) destroy such documents within 60 days,

ACTIVE/80455083.2

1   and certify in writing to the Designating Party that the documents have been

2   destroyed.  If any Confidential Information has been furnished under this Order to

3   any expert or other third-party, counsel for the party furnishing the Confidential

4   Information shall request in writing that all such Confidential Information, other

5   than that which is contained in pleadings, correspondence, work product, and

6   deposition transcripts, be returned to counsel or destroyed.

7   **MODIFICATION PERMITTED**

8   　　　21.　　Nothing in this Protective Order shall prevent any party or other person

9   from seeking modification of this Protective Order.

10   **NO WAIVER OF OBJECTIONS**

11   　　　22.　　Nothing in this Protective Order shall constitute a waiver of a party's

12   right to object to any Discovery Materials on any grounds or to object to the

13   admission in evidence of Discovery Materials at any motion hearing or trial.

14   Nothing in this Protective Order shall be deemed to expand or limit the permissible

15   scope of discovery in this litigation.

16   **RESPONSIBILITY OF ATTORNEYS**

17   　　　23.　　The counsel for the parties are responsible for employing reasonable

18   measures, consistent with this Protective Order, to control duplication of, access to

19   and distribution of copies of Confidential Information.

20   　　　24.　　The counsel for the parties are responsible for administering and

21   keeping the executed original copy of Exhibit A pursuant to ¶¶ 12( d), (f) , and (i)

22   above.

23   **NO WAIVER**

24   　　　25.　　Nothing herein shall be deemed to waive any applicable privilege or

25   work product protection, or to affect the ability of a party to seek relief for an

26   inadvertent or unintentional disclosure of Discovery Materials prohibited from

27   disclosure pursuant to 31 U.S.C. § 5318 and enabling regulations including 31

28   C.F.R. § 1020.320, 12 C.F.R. § 21.11, and 12 CFR § 563.180, or protected by any

13

1  privilege or work product protection.  Pursuant to the Court's authority under

2  Federal Rule of Evidence 502 and any other applicable law, rule, or legal principal,

3  the production of Discovery Materials subject to the attorney-client privilege or

4  work-product immunity shall not waive the privilege or immunity in this proceeding

5  or any other federal or state proceeding, either as to specific information in the

6  Discovery Materials or as to any other information relating thereto or on the same or

7  related subject matters, if a written request for the return of such documents or

8  information is made promptly after the producing party learns of its production.

9  Upon such a written request, the receiving party shall return to the producing party

10 the Discovery Materials subject to the privilege or work-product immunity.

11      26.     Nothing contained in this Protective Order and no action taken pursuant

12 to it shall prejudice the right of any party to contest the alleged relevancy,

13 admissibility or discoverability of Discovery Materials, whether designated

14 Confidential Information or not.

15

16 THE PARTIES HEREBY STIPULATE AND AGREE TO THE ABOVE TERMS.

17

18 DATED: December 8, 2014            HAGENS BERMAN SOBOL SHAPIRO LLP

19

20                                    By: /s/ Lee M. Gordon
                                      Lee M. Gordon (SBN 174168)
21                                    *lee@hbsslaw.com*
                                      Elaine T. Byszewski (SBN 222304)
22                                    *elaine@hbsslaw.com*
                                      301 North Lake Avenue, Suite 203
23                                    Pasadena, CA  91101
                                      Telephone:  (213) 330-7150
24                                    Facsimile:  (213) 330-7152

25                                    Steve W. Berman (*pro hac vice*)
                                      *steve@hbsslaw.com*
26                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                      1918 Eighth Avenue, Suite 3300
27                                    Seattle, WA  98101
                                      Telephone:  (206) 623-7292
28                                    Facsimile:  (206) 623-0594

14

Michael Feuer (SBN 111529)
*mike.feuer@lacity.org*
CITY ATTORNEY
James P. Clark (SBN 64780)
*james.p.clark@lacity.org*
CHIEF DEPUTY CITTY ATTORNEY
CITY OF LOS ANGELES
200 N. Main Street, Room 800
Los Angeles, CA 90012
Telephone: (213) 978-8100

Joel Liberson (SBN 164857)
*joel@taresources.com*
Howard Liberson (SBN 183269)
*howard@taresources.com*
TRIAL & APPELLATE RESOURCES, P.C.
400 Continental Blvd., Sixth Floor
El Segundo, CA 90245
Telephone: (310) 426-2361

Robert Peck (*pro hac vice*)
*robert.peck@cclfirm.com*
CENTER FOR CONSTITUTIONAL
LITIGATION
777 Sixth Street NW, Suite 520
Washington, DC 20001
Telephone: (202) 944-2803

Clifton Albright (SBN 100020)
*clifton.albright@ayslaw.com*
ALBRIGHT YEE & SCHMIT
888 West Sixth Street, Suite 1400
Los Angeles, CA 90017
Telephone: (213) 833-1700

*Attorneys for Plaintiff the City of Los Angeles*

DATED:      December 8, 2014      GOODWIN PROCTER LLP

By: /s/ Steven A. Ellis
Steven A. Ellis (SBN 171742)
*sellis@goodwinprocter.com*
Laura Alexandra Stoll (SBN 255023)
*lstoll@goodwinprocter.com*

15

ACTIVE/80455083.2

601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Telephone: (213) 426-2500
Facsimile: (213) 623-1673

James W. McGarry (*pro hac vice*)
*jmcgarry@goodwinprocter.com*
GOODWIN PROCTER LLP
Exhange Place 53 State Street
Boston, MA 02109
Telephone: (617) 570-1332
Facsimile: (617) 523-1231

Thomas M. Hefferon (*pro hac vice*)
*thefferon@goodwinprocter.com*
Matthew S. Sheldon (*pro hac vice*)
*msheldon@goodwinprocter.com*
GOODWIN PROCTER LLP
901 New York Avenue NW 9th Floor E.
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

*Attorneys for Defendants Bank of America
Corporation; Bank of America, N.A.;
Countrywide Financial Corporation;
Countrywide Home Loans; and Countrywide
Bank, FSB*

16

1

## **ATTESTATION**

2          Pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(ii), I, Lee M Gordon, attest

3    that all other signatories listed, and on whose behalf the filing is submitted, concur

4    in this filing's content and have authorized such filing.

5

6                                                         /s/ Lee M. Gordon
                                                      Lee M. Gordon
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

ACTIVE/80455083.2

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *City of Los Angeles v. Bank of America Corporation, et al.,* Case No. 13-CV-09046.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any matter any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

Date: _____

City and State: _____

Printed name: _____

Signature: _____

ACTIVE/80455083.2

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on December 8, 2014, I electronically filed the foregoing

3

document using the CM/ECF system which will send notification of such filing to

4

the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic

5

Mail Notice List.

6

_____
/s/ Andy Katz
Andy Katz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION
10346.11   732983 V1
-1-