UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9046 PA (AGRx)<br>CV 14-9744 PA (AGRx) | Date | January 2, 2015 |
|---|---|---|---|
| Title | City of Los Angeles v. Bank of America Corporation, et al.<br>California v. Bank of America Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Julieta Lozano | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

On December 19, 2014, Los Angeles City Attorney Michael Feuer ("Feuer") commenced an action against defendants Bank of America Corporation, Bank of America, N.A., Countrywide Financial Corporation, Countrywide Home Loans, and Countrywide Bank, FSB (collectively "BofA") alleging a single claim for unfair business practices pursuant to California Business and Professions Code section 17200, in Case No. CV 14-9744 PA (AGRx) ("Case No. CV 14-9477"). Feuer brings the action "in the name of the People of the State of California pursuant to section 17200." (Compl. ¶ 14.) The state law unfair competition in Case No. 1409744 is premised on a violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, et seq., to support allegations under the "unlawful prong" of section 17200. The Complaint alleges that this Court's jurisdiction is based on "42 U.S.C. § 3613 and 28 U.S.C. § 1331, [and] 1343, because the claims alleged herein arise under the laws of the United States." (Compl. ¶ 30.) According to the Complaint, "Plaintiff's unlawful prong claim under [section 17200] necessarily required determination whether Defendants violated the FHA." (Id.)

Previously, on December 6, 2013, Feuer, as Los Angeles City Attorney, and on behalf of the City of Los Angeles, commenced an action against the identical defendants in Case No. CV 13-9046 PA (AGRx) ("Case No. CV 13-9046"). In both actions, Feuer is represented by the same private counsel. Case No. CV 13-9046 alleges a single claim against BofA for violation of the FHA. The substantive allegations against BofA concerning discriminatory lending practices are nearly identical in Case No. CV 13-9046 and CV 14-9744.

On August 14, 2014, this Court issued a Minute Order in Case No. CV 13-9046 establishing pretrial and trial dates. The Minute Order was followed by a Scheduling Order issued on August 15, 2014. Those orders established that the last day for a hearing on a motion to amend the pleadings or add parties was November 10, 2014. The City never sought to add a section 17200 claim to Case No. CV 13-9046.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9046 PA (AGRx)<br>CV 14-9744 PA (AGRx) | Date | January 2, 2015 |
|---|---|---|---|
| Title | City of Los Angeles v. Bank of America Corporation, et al.<br>California v. Bank of America Corporation, et al. | | |

Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)).  By filing Case No. CV 14-9744 after the expiration of the deadline for amending its Complaint in Case No. CV 13-9046, the City appears to have engaged in impermissible claim-splitting in an effort to avoid the deadlines established in this Court's Scheduling Order issued in Case No. CV 13-9046.  The Court therefore orders the City and Feuer to show cause in writing why Case No. CV 14-9744 should not be dismissed with prejudice.  See Adams, 487 F.3d at 688 (affirming district court's discretion to dismiss with prejudice a later-filed duplicative complaint).

The City and Feuer shall respond to this order to show cause no later than January 16, 2015.  BofA's response, if any, shall be filed no later than January 23, 2015.  After January 23, 2015, the matter shall be deemed under submission.  The Court will notify the parties once it has issued a decision.

IT IS SO ORDERED.