1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
LAURA A. STOLL (SBN 255023)
*lstoll@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.:  213.426.2500
Fax.:  213.623.1673

Attorneys for Defendants:
BANK OF AMERICA CORPORATION;
BANK OF AMERICA, N.A., for itself and
as successor by merger to Countrywide
Bank, FSB; COUNTRYWIDE
FINANCIAL CORPORATION; and
COUNTRYWIDE HOME LOANS, INC.

[ADDITIONAL COUNSEL LISTED IN
SIGNATURE BLOCK]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CITY OF LOS ANGELES, a municipal corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS; and COUNTRYWIDE BANK, FSB,<br><br>　　　　　Defendants. | Case No. 2:13-cv-09046-PA-AGR<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION OF PLAINTIFF CITY OF LOS ANGELES**<br><br>Date:　　　　　March 31, 2015<br>Time:　　　　　10:00 a.m.<br>Courtroom:　B<br>Magistrate:　Hon. Alicia G. Rosenberg<br>Judge:　　　　Hon. Percy Anderson<br>Complaint filed:  December 6, 2013<br><br>Discovery Cutoff:　　September 21, 2015<br>Pretrial Conference: November 6, 2015<br>Trial Date:　　　　　December 1, 2015 |

ACTIVE/81289213.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................1
        A.      Defendants' Introductory Statement ....................................1
        B.      The City's Introductory Statement.......................................4

II.     The Parties' Meet and Confer History. ........................................5
        A.      Defendants' Statement. ......................................................5
        B.      The City's Statement...........................................................7

III.    DISCUSSION OF TOPICS IN DISPUTE ...................................9

TOPIC NO.13: ....................................................................................9
        A.      Defendants' Position With Respect to Topic No. 13 ...........9
        B.      The City's Position With Respect to Topic No. 13 .............12

TOPIC NO.14: ..................................................................................14
        A.      Defendants' Position With Respect to Topic No. 14..........15
        B.      The City's Position With Respect to Topic No. 14 .............16

TOPIC NO.15: ..................................................................................17
        A.      Defendants' Position With Respect to Topic No. 15..........18
        B.      The City's Position With Respect to Topic No. 15 .............18

TOPIC NO.16: ..................................................................................19
        1.      Bank of America's Position With Respect to Topic No. 16 ....20
        2.      The City's Position With Respect to Topic No. 16.................20

IV.     CONCLUSION ........................................................................21
        A.      Bank of America's Conclusion...........................................21
        B.      The City's Conclusion .......................................................21

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Federal Cases**

5

*3M Co. v. Kanbar*,
    No. C06-01225 JW (HRL), 2007 WL 1794936 (N.D. Cal. June 19,
    2007) ...................................................................................................... 13, 17

6

7

*Bashkin v. San Diego Cnty.*,
    No. 08-cv-1450, 2011 WL 109229 (S.D. Cal. Jan. 13, 2011) ............................ 10

8

9

*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*,
    175 F.R.D. 646 (C.D. Cal. 1997) ............................................................ 12

10

11

*Canal Barge Co. v. Commonwealth Edison Co.*,
    No. 98-cv-0509, 2001 WL 817853 (N.D. Ill. July 19, 2001) .............................. 11

12

13

*Cannata v. Catholic Diocese of Austin St. John Neumann Catholic
    Church*,
    No. 10-cv-375, 2011 WL 221692 (W.D. Tex. Jan. 21, 2011) ........................... 11

14

15

*In re Independent Serv. Orgs. Antitrust Litig.*,
    168 F.R.D. 651 (D. Kan. 1996) .............................................................. 13

16

17

*Louisiana Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*,
    285 F.R.D. 481 (N.D. Cal. 2012) .................................................... 10, 12

18

19

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*,
    134 F.R.D. 275 (N.D. Cal. 1991) .................................................... 12, 19

20

21

*O'Connor v. Boeing N. Am., Inc.*,
    185 F.R.D. 272 (C.D. Cal. 1999) ............................................................ 10

22

23

*Protective Nat'l. Ins. Co. of Omaha v. Commonwealth Ins. Co.*,
    137 F.R.D. 267 (D. Neb. 1989) ............................................................. 11

24

25

*Sec. Ins. Co. of Hartford v. Turstmark Ins Co.*,
    218 F.R.D. 29 (D. Conn. 2003) ............................................................. 11

26

27

*Silgan Containers v. Nat'l Union Fire Ins., et. al.*,
    No. 09-cv-5971, 2010 WL 5387748 (N.D. Cal. Dec. 21, 2010) ........................ 10

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States v. Taylor*,
     166 F.R.D. 356 (M.D.N.C. 1996) .................................................................. 12, 16

**Other Authorities**

C.D. Cal. Local Rule 37-1 .......................................................................................... 5, 6

C.D. Cal. Local Rule 37-2 ............................................................................................... 1

C.D. Cal. Local Rule 6-1 ............................................................................................ 1, 2

Fed. R. Civ. P. 30(b)(6) ........................................................................................*passim*

Fed. R. Civ. P. 33 ......................................................................................................... 12

Fed. R. Civ. P. 37 ........................................................................................................... 5

Fed. R. Civ. P. 37(b)(ii) ................................................................................................. 1

ACTIVE/81289213.1

Pursuant to Federal Rule of Civil Procedure 37(b)(ii) and Central District Local Rule 37-2, Defendants Bank of America Corporation; Bank of America, N.A.; Countrywide Financial Corporation; Countrywide Home Loans; and Countrywide Bank, FSB, (collectively "Defendants" or "Bank of America") and Plaintiff City of Los Angeles ("Plaintiff" or the "City") respectfully submit the following *Stipulation Regarding Defendants' Motion to Compel Rule 30(b)(6) Deposition of Plaintiff City of Los Angeles*.

# I.   **INTRODUCTION**

## A.   **DEFENDANTS' INTRODUCTORY STATEMENT**

This dispute is over the City's refusal to provide a Rule 30(b)(6) witness on four factual deposition topics that are directly relevant to a motion for summary judgment on statute of limitations issues that Judge Anderson has required to be filed by Defendants by March 30, 2015.[1]  Defendants ask that the Court order the City to provide a witness on the topics no later than April 3, 2015 so the testimony may be incorporated into the summary judgment briefing (as Judge Anderson would expect).  Given the City's refusal to provide a witness (and to timely admit that it had no intention of complying), Defendants bring this motion to obtain that testimony before the briefing on the summary judgment motion is complete.

In this matter the City has alleged that the Defendants engaged in several different forms of discriminatory mortgage lending in Los Angeles, including originating several different types of "predatory" loan products and/or terms (by several different entities) that allegedly "shift[ed]" over time from 2008 to the present.  Complaint ("Compl."), Dkt. No. 1, ¶ 86.  The Defendants filed a motion to dismiss that argued, in part, that the City had not alleged any discriminatory conduct

---

[1] Judge Anderson ordered April 27, 2015 "as the last date for the hearing on defendants' contemplated motion for summary judgment focused on their statute of limitations defense."  Order, Dkt. No. 80.  Under Local Rule 6-1, Defendants must file its summary judgment brief by March 30, 2015.

1

1  within the Fair Housing Act's two-year limitations period, and therefore the claim

2  was time-barred, and the City could not invoke the continuing violations doctrine to

3  go back further in time.  Memorandum, Dkt. No. 27-1, at 17-18.  The Defendants

4  argued that the City had attempted to piece together different types of conduct by

5  different entities involving different types of loans, and that the City itself admitted

6  in the Complaint that all of these elements changed over time.  *Id.* at 18.  Judge

7  Anderson denied the motion to dismiss, but noted multiple times in his decision that

8  the statute of limitations issues, *i.e.* what conduct actually occurred within the two-

9  year limitations period, would be appropriate for further consideration after

10 necessary fact discovery.  Order ("MTD Order"), Dkt. No. 50, at 10-11, 15.

11      Once discovery opened, the parties agreed to limit the initial phase of

12 discovery to concentrate on the discriminatory conduct that allegedly occurred

13 within the two-year limitations period, *i.e.* conduct since December 6, 2011 (the

14 "Limitations Period").  *See* Compl. (filed on December 6, 2013).  After conducting

15 certain Limitations Period written discovery, including the Defendants' production

16 of relevant polices and loan data, the parties submitted a joint Stipulation to the

17 Court seeking to extend the discovery and trial dates in this matter, in part to allow

18 time within the discovery schedule for the Defendants to file, and Judge Anderson to

19 rule on, an anticipated motion for summary judgment as to statute of limitations

20 issues.  *See generally* Joint Appl. to Amend Scheduling Order ("Joint Stipulation"),

21 Dkt. No.  79 (Jan. 30, 2015).  On February 3, 2015, Judge Anderson denied the

22 Stipulation, but extended the discovery and trial deadlines, and specifically ordered

23 the Defendants to notice for hearing any statute of limitations motion for summary

24 judgment no later than April 27, 2015.  Minute Order, Dkt. No. 80.  Based on the

25 Court's procedural rules, Defendants have until March 30, 2015 to move for

26 summary judgment on statute of limitations issues.  Local Rule 6-1.

27      On February 6, 2015, Bank of America served a Notice of Deposition of

28 Plaintiff City of Los Angeles Pursuant to Federal Rule of Civil Procedure 30(b)(6),

2

Declaration of Steven A. Ellis ("Ellis Decl."), Exh. 1 ("the Notice").  The Notice included four topics that cut directly to the heart of what conduct the City contends occurred within the Limitations Period (the "Limitations Topics").  The City has objected to the Limitations Topics, refused to provide any witness, and instead argued they should be answered through contention interrogatories.  After three different telephonic meet and confers by the parties on this issue, and numerous written communications, it is now unfortunately necessary for the Defendants to ask this Court to compel the City to provide a witness as to its own claims.

As detailed below, the Limitations Topics each seek for the City to identify the facts underlying its claim that discrimination occurred within the Limitations Period.  They seek such basic information as:  What loan products and/or terms do you believe were discriminatory in the Limitations Period?  What factual evidence of discriminatory conduct within the Limitations Period do you have?  What conduct do you believe was the "continuing violation" with the Limitations Period?  What conduct do you claim occurred both before and after the Limitations Period (and so, therefore, is what you say continued)?  These types of facts are an essential part of the investigation Bank of America is conducting in preparation for its summary judgment motion, and the resulting evidence will necessarily assist Judge Anderson in deciding that motion.  Bank of America will be severely prejudiced if it is unable to incorporate the requested deposition testimony into the factual record that will be before Judge Anderson on the motion for summary judgment.

The City has objected to the Limitations Topics on the grounds that contention interrogatories are a more appropriate way to pursue this discovery.  This position is not only legally incorrect, but also particularly egregious in light of the City's intentionally vague and deficient responses to Bank of America's Interrogatories on this subject.  *See, e.g., Supra* II.A.  Further, even if the City did, at some point, provide more detailed responses to the pending Interrogatories, those responses would still not allow the Defendants to sufficiently explore the underlying

3

1   facts regarding the City's claims of discriminatory conduct within the Limitations

2   Period.  Given the City's own failure to supplement its Interrogatory Responses,

3   despite repeated requests from the Defendants, the City's suggestion to answer

4   through contention interrogatories would essentially run out the clock on the

5   Defendants ability to conduct any follow-up on these topics prior to the completion

6   of summary judgment briefing.  In short, Defendants are entitled to a deposition on

7   the Limitations Topics and, as a practical matter, this is the only way to ensure the

8   City provides the necessary information by the summary judgment deadline.

9           **B.     THE CITY'S INTRODUCTORY STATEMENT**

10          This dispute arises out of Bank of America's unreasonable effort to compel

11  the City's non-attorney Rule 30(b)(6) witness to provide testimony on the complex

12  legal concepts underlying the City's contentions.  While the City has agreed to

13  furnish a Rule 30(b)(6) witness on twelve of Bank of America's seventeen topics,

14  and the parties have reached an agreement on one other topic, these four remaining

15  topics ("Topics 13-16") are unquestionably inappropriate for deposition.  Topics 13-

16  16 all require sophisticated legal analysis and are anything but "basic" or "factual"

17  in nature despite Bank of America's claims to the contrary.  Clearly, written

18  responses are more appropriate for Topics 13-16.  Accordingly, the City respectfully

19  requests that this Court sustains the City's objections and deny testimony on Topics

20  13-16.

21          Topics 13-16 generally inquire as to what the City "contend[s]" is the

22  "LENDING DISCRIMINATION" at the heart of this case.  Apart from the obvious

23  observation that each topic uses the word "contend" at least once, Bank of

24  America's own definition of "LENDING DISCRIMINATION" is long and

25  complex.  The definition requires sophisticated legal judgment and analysis such

26  that even the most prepared non-lawyer 30(b)(6) deponent would struggle to provide

27  an adequate response in the deposition context.  Moreover, the "basic information"

28  Bank of America describes above is no more "basic" than it is "factual."  As a

                                        4

1    result, a deposition is simply not the best device for Bank of America to acquire the

2    discovery it seeks with Topics 13-16.  In such instances, case law unquestionably

3    supports the City's position that Bank of America should seek this discovery

4    through alternative methods.

5          In an effort to accommodate Bank of America and generally comply with the

6    rules of the discovery process, the City has proposed responding through written

7    responses to contention interrogatories.  With the assistance and judgment of

8    counsel, responses to contention interrogatories present a greater likelihood that

9    Bank of America will actually receive the discovery it desires.  Bank of America has

10   rejected this proposed solution believing that it is "entitled" to a deposition on these

11   topics when, in fact, *none* of the case law Bank of America cites actually supports

12   its position.  By bringing this motion to compel, Bank of America seems determined

13   to harass a non-attorney Rule 30(b)(6) witness with questions Bank of America

14   knows he or she could not reasonably answer.  The City believes that more

15   productive alternatives exist, and requests that this Court require Bank of America

16   to pursue those alternatives.

17

18   **II.**     **THE PARTIES' MEET AND CONFER HISTORY.**

19          **A.**     **DEFENDANTS' STATEMENT.**

20          Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-1, the parties have engaged

21   in extensive meet and confer efforts to resolve the dispute that is the subject of this

22   Motion.  After the Notice was served on February 6, 2015, the parties engaged in

23   their first meet and confer session on the Limitations Topics on February 11, 2015.

24   The Defendants understood from that telephonic meet and confer that the City had

25   agreed to provide, or was at least considering providing, a witness on the

26   Limitations Topics.  The Defendants followed-up with emails dated February 13,

27   2015, February 18, 2015, and February 19, 2015, asking for deposition dates for the

28   Limitations Topics.  *See* Ellis Decl., Exhs. 2-4.  With the City still not having

provided an available date for any of the deposition topics (including the 13 other topics in Bank of America's 30(b)(6) notice), the parties conducted another telephonic meet and confer session on February 23, 2015.  At that session,  nearly three weeks after the Notice was served and barely a month before the summary judgment brief was due, the City informed Defendants, for the first time, that no witness would be offered on the Limitations Topics, and the City agreed to provide a letter putting its position in writing.  That letter, served later that night, claimed that Topic Nos. 13 to 16 were better suited as contention interrogatories.  *See* Ellis Decl., Exh. 5.  Bank of America responded to this Letter on February 24, 2015, disagreeing with the City's argument, and invoking this Court's Local Rule 37-1 dispute resolution procedure.  *See* Ellis Decl., Exh. 6.  The parties then conducted a third meet and confer the next day, February 25, 2015, in which the City confirmed that it would not provide a witness on the Limitations Topics.  The parties agreed that it would be necessary to seek the Court's involvement to reach a resolution to the dispute.

The Defendants note they have also attempted to explore these areas of inquiry through written discovery and meet and confers on that discovery, but the City has largely objected and provided no responses or, where it did respond, only provided vague and equivocal responses.  *See* Ellis Decl., Exh. 7 ("Interrogatory Responses").  Specifically, Bank of America requested that the City identify the Bank of America policies that the City believes to be discriminatory (Interrogatory No. 3 ), the time periods it believes such policies were used by Bank of America (Interrogatory No. 4), and the loan terms that the City believes to be at issue in the litigation (Interrogatory No. 5).  *Id.*  The City objected, and provided only an incomplete and heavily-qualified response to Interrogatory No. 3, and failed to provide any substantive response to Interrogatory Nos. 4 and 5.  *See* Interrogatory Responses, Nos. 3-5.  Notably, the City claimed at the time these were "premature" contention interrogatories.  Defendants have met and conferred with the City on

6

1  these insufficient responses, and exchanged multiple letters requesting

2  supplementation in specific ways, which the City has not done.[2]  Because that meet

3  and confer process is ongoing, the City's insufficient Interrogatory Responses are

4  not a subject of this Motion, but do provide further detail on why the City's proposal

5  to respond to the Limitations Topics with interrogatory responses is antithetical to

6  how they have responded to all discovery efforts to-date in this matter.

7      **B.    THE CITY'S STATEMENT.**

8      The parties agree that there have been extensive meet and confer efforts to

9  resolve this dispute.  Fortunately, many of the issues between the parties have been

10  resolved through this process.  On February 6, 2015, Bank of America served a

11  Notice of Deposition of Plaintiff City of Los Angeles Pursuant to Federal Rule of

12  Civil Procedure 30(b)(6), Declaration of Steven A. Ellis ("Ellis Decl."), Ex. 1 ("the

13  Notice").  Out of the original seventeen topics included in the Notice, only topics

14  13-16 remain at issue.

15      Upon receiving the Notice, the City began the process of seeking out the

16  appropriate individual to serve as the City's 30(b)(6) designee.  Bank of America

17  was entirely aware throughout the meet and confer process that the City was

18  actively seeking a 30(b)(6) designee and available dates for the deposition.  Ellis

19  Decl., Ex. 4.  Further, the City clearly communicated that it would "make a

20  concerted effort to accommodate [Bank of America's] summary judgment motion

21  timeline."  *Id.*  On February 18, 2015, Bank of America communicated that "[n]o

22

23  [2] The parties met and conferred on November 6, 2014 regarding the insufficiency
of the Interrogatory Responses and the Defendants asked the City to supplement its

24  responses.  The City never provided any supplementation.  Defendants again asked
for a supplemental response in a January 7, 2015 letter to Plaintiff.  *See* Ellis Decl.,

25  Ex. 8.  In its January 21 responsive letter, the City provided no substantive response
to these Interrogatories, other than to repeat its belief that they are "premature

26  contention interrogatories" and state that it will "revisit [the] interrogator[ies] at an
appropriate time."  Ellis Decl., Ex. 9.  As of the date of this filing, the City has

27  provided no response, despite being asked to do so again in a February 13, 2015
Letter by Defendants to the City.  *See* Ellis Decl., Ex. 10.

28

7

ACTIVE/81289213.1

1   matter what, we need the deposition(s) [of the City's 30(b)(6) designee] completed

2   on those topics by March 17[, 2015]."  Ellis Decl., Ex. 3.

3         On February 23, 2015, only seventeen days after the Notice was served, and

4   exactly five weeks before the summary judgment brief was due, the City expressed

5   its position Topics 13-16 were better answered as contention interrogatories rather

6   than through a 30(b)(6) deposition.  That same evening, the City provided a letter

7   that informed Bank of America of the substantive case law supporting its position.

8   *See* Ellis Decl., Ex. 5.  On February 24, 2015, Bank of America responded that it

9   disagreed with the City's argument.  *See* Ellis Decl., Ex. 6.  However, Bank of

10  America entirely failed to provide a legal basis for its position.  *Id.*

11        In response to Bank of America's "need" for a deposition on or before March

12  17, 2015, on February 25, 2015, the City communicated that the City's 30(b)(6)

13  designee would be available March 17, 2015 on Topics 1-12.  Declaration of

14  Christopher R. Pitoun ("Pitoun Decl."), Ex. A.

15        Bank of America claims that the City's refusal to provide substantive

16  responses to Interrogatories 3, 4, 5 is part of what necessitates this motion.  *See* Ellis

17  Decl., Ex. 7 ("Interrogatory Responses").  However, when the City initially

18  responded on October 30, 2014, responses to these Interrogatories were indeed

19  premature since the parties had not yet exchanged documents.  Pitoun Decl., Ex. B.

20  Since production of documents began on December 18, 2014, the City has received

21  thousands of pages of policies and numerous data spreadsheets to identify evidence

22  to support its legal contentions.  Moreover, Bank of America simultaneously admits

23  that the meet and confer process regarding these Interrogatories is ongoing.  Simply

24  put, to adequately familiarize a non-attorney 30(b)(6) witness(es) on this volume

25  information is not only impractical, it would fail to solve Bank of America's alleged

26  desire to take discovery on the City's claims.

27

28

## III.  DISCUSSION OF TOPICS IN DISPUTE

**TOPIC NO.13:**

What YOU contend is the LENDING DISCRIMINATION that YOU allege DEFENDANTS engaged in from December 6, 2011 and after.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff incorporates by reference each of the General Objections as though fully set forth herein. In addition to the General Objections, Plaintiff objects to this Topic as vague and ambiguous, particularly as to the terms "contend" and "engaged in." Plaintiff also objects to this Topic as cumulative. Further, Plaintiff objects that this Topic is overbroad and unduly burdensome insofar as: a) it seeks information that is neither relevant to the claims or defenses in this action and b) is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiff objects to this Topic as overbroad in its use of the overbroad definition of YOU. Plaintiff also objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, and seeks expert and legal testimony from a lay witness. In addition, Plaintiff objects that this Topic is more appropriately addressed through contention interrogatories.

Without waiving any of its General or Specific objections, Plaintiff responds that a deposition is not appropriate regarding this Topic. Plaintiff is willing to continue to meet and confer with Defendants and, without any waiver of objections, provide a substantive responsive to a contention interrogatory on this Topic.

### A.  DEFENDANTS' POSITION WITH RESPECT TO TOPIC NO. 13

The relevance of this topic (and the other Limitations Topics) is not disputed, as Judge Anderson has ruled, and the parties have stipulated, that what took place during the Limitations Period is highly-relevant to this action and appropriate for a summary judgment motion.  MTD Order at 10-11, 15 & Joint Stipulation.  Topic No. 13 requests deposition testimony on the nature of the racial discrimination that the City believes Bank of America engaged in during the Limitations Period.  Judge

9

1    Anderson is expecting briefing from the parties on this issue.  *See* Minute Order,

2    Dkt. No. 80.  Bank of America is, thus, entitled to discovery of any evidence the

3    City has regarding whether Defendants engaged in discriminatory conduct during

4    the Limitations Period.

5          This Topic seeks to answer factual questions that directly relate to the issues

6    that will be raised in the summary judgment motion, including:  (1) the types of loan

7    products or loan terms within the Limitations Period that the City is challenging; (2)

8    the City's evidence, if any, as to whether lending discrimination by Defendants in

9    fact occurred during the Limitations Period, and (3) identification of the Defendants'

10   practices or policies in the Limitations Period that the City believes were

11   discriminatory.

12         In general, depositions are  the "favored" means to attain such factual

13   information because they "provide[] a means to obtain more complete information."

14   *Louisiana Pac. Corp. v. Money Market 1 Inst. Inv. Dealer,* 285 F.R.D. 481, 486

15   (N.D. Cal. 2012) (quoting *Marker v. Union Fidelity Life Ins.,* 125 F.R.D. 121, 126

16   (M.D. N.C. 1989)).  Compared to written interrogatories, depositions are considered

17   to be "ultimately more productive" as a general rule.  *O'Connor v. Boeing N. Am.,*

18   *Inc.,*185 F.R.D. 272, 277 (C.D. Cal. 1999) (classifying written interrogatories as

19   "not likely to be particularly helpful or useful").[3]  California courts order

20   depositions under similar scenarios where the testimony sought is similarly factual

21   in nature.  In *Silgan Containers v. Nat'l Union Fire Ins., et. al.,* No. 09-cv-5971,

22   2010 WL 5387748 (N.D. Cal. Dec. 21, 2010), for example, the district court

23   delineated that there was a distinction between  "legal opinions" and "facts."  *Id.* at

24   4.  The court ordered that a witness be produced on various 30(b)(6) topics seeking

25   "facts, not legal opinions, that [the insurer] relies on to deny coverage."  *Id.* at 4-5.

---

26   [3] *See also Bashkin v. San Diego Cnty.,* No. 08-cv-1450, 2011 WL 109229, at 16
27   (S.D. Cal. Jan. 13, 2011) (rejecting motion to compel further interrogatory response
     because "topic more aptly explored in [defendant's] deposition than through written
28   interrogatories").

ACTIVE/81289213.1

1   Other courts have similarly determined that 30(b)(6) depositions may be used for

2   testimony seeking questions of fact.[4]

3         The reason for this preference for depositions is elucidated by the City's own

4   Interrogatory Responses, which provide incomplete and vague information

5   regarding this issue that, even if supplemented by the City, would require

6   exploration through a deposition.  The City's current position that interrogatories are

7   the more appropriate method to respond to these topics is ironic given that when

8   propounded interrogatories on these very topics, the City evaded response – in part,

9   because they were allegedly "contention interrogatories."  For example, for

10  Interrogatory No. 3, Defendants asked the City to "[i]dentify each challenged policy

11  that [it] alleges violates the FHA [and] constitutes discriminatory mortgage lending

12  conduct …."  The City objected that the Interrogatory was a "premature contention

13  interrogatory" and then identified vague policies such as "targeting of minority loan

14  applicants and minority neighborhoods in Los Angles for predatory loans" and

15  "abandoning a meaningful underwriting review."  Interrogatory Responses, No. 3

16  (Ellis Decl., Exh. 7).  Furthermore, the City qualified that its response only

17

18  _____

    [4] *See, e.g.,Cannata v. Catholic Diocese of Austin St. John Neumann Catholic*

19  *Church,* No. 10-cv-375, 2011 WL 221692, at 1 (W.D. Tex. Jan. 21, 2011) (ruling
    that a deposition is more appropriate than follow-up contention interrogatories on

20  the "factual basis …for certain statements contained in the Defendant's response to
    [plaintiff's] Charge" because "follow up questions are easily asked, and details of

21  the facts of a case are better discovered"); *Sec. Ins. Co. of Hartford v. Turstmark Ins*
    *Co.*, 218 F.R.D. 29 (D. Conn. 2003) (compelling deposition testimony on factual

22  bases for defendant's denials in its answer to complaint; holding "[i]t is no
    consequence that contention interrogatories may be the more appropriate route to

23  obtain the information as nothing precludes a deposition either in lieu of or in
    conjunction with such interrogatories"); *Canal Barge Co. v. Commonwealth Edison*

24  *Co.*, No. 98-cv-0509, 2001 WL 817853, at 2 (N.D. Ill. July 19, 2001) (denying
    motion to quash deposition testimony because "fact-specific inquiries" into

25  opposing party's position "are more appropriately posed in a Rule 30(b)(6)
    deposition rather than through contention interrogatories"); *Protective Nat'l. Ins.*

26  *Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 282-83 (D. Neb. 1989)

27  (compelling 30(b)(6) deposition testimony about factual allegations that were not
    "purely legal").

28

ACTIVE/81289213.1

1    "includes" some of the challenged policies, without specifying whether this contains

2    an exhaustive list of challenged policies.  *See id.*  Despite asking for confirmation

3    through the meet and confer process, the City has failed to supplement its

4    Interrogatory Responses to answer this simple question.  *See, e.g.,* Letter from

5    Matthew Sheldon to Lee Gordon at 3 (Feb. 13, 2015) (Ellis Decl., Exh. 10).

6         **B.    THE CITY'S POSITION WITH RESPECT TO TOPIC NO. 13**

7         Bank of America's position misses the point.  The issue is not whether Topic

8    13 seeks relevant information.  The actual inquiry is whether a 30(b)(6) deposition is

9    the best way to acquire such information.  The determination of whether Fed. R.

10   Civ. P. 33 contention interrogatories are more appropriate than a Fed. R. Civ. P.

11   30(b)(6) deposition is made on a case by case basis.  *See United States v. Taylor*,

12   166 F.R.D. 356, 363 n.7 (M.D.N.C. 1996).  In making this determination, courts

13   consider "which of the available devices is more appropriate, i.e., which device

14   would yield most reliably and in the most cost-effective, least burdensome manner

15   information that is sufficiently complete to meet the needs of the parties…"

16   *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal.

17   1991), *rev'd on other grounds,* 765 F. Supp. 611 (N.D. Cal. 1991).  "[C]ontention

18   interrogatories may in certain cases be the most reliable and cost-effective discovery

19   device, which would be less burdensome than depositions at which contention

20   questions are propounded."  *Cable & Computer Tech., Inc. v. Lockheed Saunders,*

21   *Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (citing *McCormick–Morgan,* 134 F.R.D.

22   at 288). Moreover, courts in the Ninth Circuit have specifically noted that

23   information regarding the bases for the deponent-party's legal contention is

24   "particularly suit[ed] for so-called 'contention interrogatories.'"  *Louisiana Pac.*

25   *Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 488 (N.D. Cal.

26   2012).

27        Bank of America is incorrect in stating that this topic seeks to answer "factual

28   questions."  The very wording of Topic 13 makes this clear.  Bank of America's

12

own definition of "LENDING DISCRIMINATION" is itself so riddled with legal nuance, that even a trained practitioner must carefully unpack its meaning before even beginning to understand Topic No. 13 as a whole.  Bank of America's definition of "LENDING DISCRIMINATION" reads as follows:

> the purported conduct YOU allege or believe DEFENDANTS engaged in and that form the basis for YOUR claims in this Action, including that of offering MINORITIES loans or loan terms less favorable than those offered to non-Hispanic White borrowers with similar credit characteristics, and/or of following a policy, practice or procedure with respect to loans and lending to MINORITIES that were less advantageous than that followed with respect to non-Hispanic White borrowers, and/or of following a policy, practice, or procedure that had a disparate impact with respect to loans and lending to MINORITIES.  Notice p. 3, ¶ 4.

Requiring a non-attorney 30(b)(6) witness to try and interpret this term is unlikely to yield reliable testimony.  Contained within this definition are numerous phrases such as "loan terms," "credit characteristics," and "disparate impact" among others that have specific legal meanings that a non-attorney 30(b)(6) witness is unlikely to know and would struggle to understand in the deposition context.  When topics contain complicated legal terms, courts have held that such topics should not form the basis of a 30(b)(6) deposition topic.  *3M Co. v. Kanbar*, No. C06-01225 JW (HRL), 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007).  In the context of Topic 13, the complexity of the "LENDING DISCRIMINATION" regarding Plaintiff's contentions raises serious privilege concerns and problems with confidential information.  *See In re Independent Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (noting that a party's attempt to discover the bases for its opponents' defenses and counterclaims by "Rule 30(b)(6) deposition is overbroad, inefficient and unreasonable").

13

1    Looking at Topic 13 as a whole, Bank of America seeks discovery on what

2    the City "contend[s] is the LENDING DISCRIMINATION" that the City alleges

3    Bank of America engaged in since December 6, 2011.  If Bank of America seeks

4    information on what the City "contend[s]," logic alone dictates that a contention

5    interrogatory is a better approach.  But here, Topic 13 also requires a non-attorney

6    30(b)(6) witness to apply a complex legal definition of "LENDING

7    DISCRIMINATION" to elucidate the City's contentions.  Even the best prepared

8    non-attorney 30(b)(6) witness would struggle with that task.  As a result, a 30(b)(6)

9    deposition is not the "most cost-effective, least burdensome manner" for Bank of

10   America to gather information about the City's contentions.

11

12   **TOPIC NO.14:**

13   What YOU contend was the LENDING DISCRIMINATION that YOU allege

14   DEFENDANTS engaged in prior to December 6, 2011, and whether and how such

15   conduct continued thereafter.

16   **RESPONSE TO REQUEST NO. 14:**

17   Plaintiff incorporates by reference each of the General Objections as though

18   fully set forth herein. In addition to the General Objections, Plaintiff objects to this

19   Topic as vague and ambiguous, particularly as to the terms "contend" and "engaged

20   in." Plaintiff also objects to this Topic as compound and cumulative. Further,

21   Plaintiff objects that this Topic is overbroad and unduly burdensome insofar as: a) it

22   seeks information that is neither relevant to the claims or defenses in this action and

23   b) is not reasonably calculated to lead to the discovery of admissible evidence.

24   Moreover, Plaintiff objects to this Topic as overbroad in its use of the overbroad

25   definition of YOU. Plaintiff also objects to this Topic to the extent it seeks

26   information that is protected by the attorney-client privilege, attorney work product

27   doctrine, and seeks expert and legal testimony from a lay witness. In addition,

28

ACTIVE/81289213.1

1  Plaintiff objects that this Topic is more appropriately addressed through contention
2  interrogatories.

3       Without waiving any of its General or Specific objections, Plaintiff responds
4  that a deposition is not appropriate regarding this Topic. Plaintiff is willing to
5  continue to meet and confer with Defendants and, without any waiver of objections,
6  provide a substantive responsive to a contention interrogatory on this Topic.

7       **A.   DEFENDANTS' POSITION WITH RESPECT TO TOPIC NO. 14.**

8       All of the reasons why Topic No. 13 is appropriate and necessary, apply
9  equally to Topic No. 14, and are incorporated by reference.

10      In an effort to seek recovery for conduct long time-barred by the FHA's two
11  year limitations period, the City has alleged that Defendants engaged in a
12  "continuing pattern and practice of mortgage discrimination" that started before the
13  Limitations Period and extended into the Limitations Period. *See, e.g.,* Compl.,
14  ¶¶ 2-3, 196. The City's ability to seek recovery for any conduct outside the
15  Limitations Period is contingent on its ability to establish that the same practice
16  occurred both before and after the Limitations Period, *i.e.* that there was a
17  *continuing* violation. This Topic requests deposition testimony on the City's
18  position as to exactly what conduct the City contends started prior to the Limitations
19  Period and continued into it.

20      Like Topic No. 13, this Topic seeks answers to factual questions that directly
21  relate to the summary judgment motion on limitations issues. The factual inquires
22  that would be covered under this Topic include: (1) whether the City believes the
23  purported discriminatory practices identified in response to Topic No. 13 started
24  before the Limitations Period and continued into it; (2) if so, what the City's
25  evidence is as to when the challenged practices started or ceased; and (3) whether
26  the City also believes that different practices or procedures not identified in response
27  to Topic No. 13 occurred outside the Limitations Period, *i.e.* that much of what the
28  City challenges in the Complaint did not actually occur within the Limitations

Period.  By way of example, in the City's Complaint, it challenges Subprime loans as an example of a "predatory" loan.  *E.g.* Compl. ¶ 143.  The City should be required to provide testimony as to whether it believes Subprime lending practices continued into the Limitations Period (they did not).  By further example, in the Complaint, the City challenges certain lending conduct by various Countrywide entities.  *E.g.* Compl. ¶ 1 n.1, ¶¶ 24-34.  The City should be required to provide testimony as to whether it believes any Countrywide entities continued to make discriminatory loans within the Limitations Period (they did not).  These are all subjects that Judge Anderson will expect addressed in the upcoming summary judgment briefing on statute of limitations issues.

## B.    THE CITY'S POSITION WITH RESPECT TO TOPIC NO. 14

All of the reasons why Topic No. 13 is inappropriate for deposition testimony, apply equally to Topic No. 14, and are incorporated by reference.

Again, Bank of America's position misses the point.  The issue is not whether Topic 14 seeks relevant information.  The actual inquiry is whether a 30(b)(6) deposition is the best way to acquire such information.  While Bank of America bends over backwards to show why Topic 14 is a factual inquiry, it similarly requires application of the heavily nuanced term "LENDING DISCRIMINATION."  Further, Topic 14 provides no time limit potentially requiring the City's 30(b)(6) witness to testify on topics for which the City has not yet to receive all necessary discovery.  In such a case, preparing a non-attorney 30(b)(6) witness is beyond burdensome.  It is outright impossible.

Moreover, the testimony Bank of America seeks is already covered by Deposition Topic 1 ("Topic 1"), but in a manner more appropriate for a 30(b)(6) deposition.  The 30(b)(6) designee's role is to provide the entity's interpretation of events and documents.  *Taylor*, 166 F.R.D. at 361.  Topic 1 seeks such an interpretation with much less of a danger that the 30(b)(6) witness will be required

1   to draw legal conclusions they are not qualified to provide.  *See 3M Co.*, 2007 WL

2   1794936, at *2.

3

4   **TOPIC NO.15:**

5        What YOU contend are the types of loans or loan terms that YOU allege

6   DEFENDANTS originated to MINORITY borrowers that YOU contend were a

7   component or effect of LENDING DISCRIMINATION by DEFENDANTS.

8   **RESPONSE TO REQUEST NO. 15:**

9        Plaintiff incorporates by reference each of the General Objections as though

10  fully set forth herein. In addition to the General Objections, Plaintiff objects to this

11  Topic as vague and ambiguous, particularly as to the terms "contend," "types of

12  loans," "loan terms," and "component or effect of." Plaintiff also objects to this

13  Topic as compound and cumulative. Further, Plaintiff objects that this Topic is

14  overbroad and unduly burdensome insofar as: a) it seeks information that is neither

15  relevant to the claims or defenses in this action, b) is not reasonably calculated to

16  lead to the discovery of admissible evidence, and c) provides no time limit and thus

17  requires seeking discovery other than according to the phased time schedule and

18  limitations previously agreed to by the parties. Moreover, Plaintiff objects to this

19  Topic as overbroad in its use of the overbroad definition of YOU. Plaintiff also

20  objects to this Topic to the extent it seeks information that is protected by the

21  attorney-client privilege, attorney work product doctrine, and seeks expert and legal

22  testimony from a lay witness. In addition, Plaintiff objects that this Topic is more

23  appropriately addressed through contention interrogatories.

24       Without waiving any of its General or Specific objections, Plaintiff responds

25  that a deposition is not appropriate regarding this Topic. Plaintiff is willing to

26  continue to meet and confer with Defendants and, without any waiver of objections,

27  provide a substantive responsive to a contention interrogatory on this Topic.

28

## A.   DEFENDANTS' POSITION WITH RESPECT TO TOPIC NO. 15

Topic No. 15, similar to Topic No. 13, seeks deposition testimony on the types of loans and loan terms that the City believes were part of the alleged discriminatory conduct within the Limitations Period.  The City makes numerous allegations in the Complaint that loan "terms or conditions [were made] on a discriminatory and legally prohibited basis."   *See, e.g.,* Compl. ¶¶ 3-5, 8, 10-11. The City also identifies several specific loan types or terms that the City believes to be discriminatory, including high-cost loans, subprime loans, interest-only loans, balloon payment loans, loans with prepayment penalties, negative amortization loans, no documentation loans, and/or ARM loans with teaser rates.  *See id.*, ¶ 143. Defendants are thus entitled to testimony from the City as to exactly what types of allegedly discriminatory loan products and terms the City contends were allegedly made within the Limitations Period.  This is necessarily a factual questions:  What kinds of loans or loan terms is the City actually challenging as discriminatory here? What is it about those loans or loan terms that make them discriminatory?  The Defendants should not have to guess at what loans the City believes to be discriminatory or why those loans are discriminatory.  The only reason for the City to refuse to provide discovery on this point is because the City knows that nearly all of the loans products and loan types that it challenges as discriminatory were not made during the Limitations Period, including Subprime loans.  The City's apparent fear that its case will be sunk by a deposition is not legitimate grounds for avoiding that deposition.

## B.   THE CITY'S POSITION WITH RESPECT TO TOPIC NO. 15

Topic 15 is even more esoteric than Topics 13-14.  Such as the City can even understand this topic, Topic 15 requires a highly sophisticated legal understanding of the causational relationship between Bank of America's "LENDING DISCRIMINATION" and the "types of loans or loan terms" the City alleges Bank of America originated to MINORITY borrowers.  To even begin this legal inquiry, a

18

non-attorney 30(b)(6) witness must have a mastery of Bank of America's definition of "LENDING DISCRIMINATION." For reasons previously discussed, this task alone is unreasonable.

If Bank of America was genuinely serious about acquiring discovery on this issue, there is no question that a contention interrogatory is the best solution. First, Topic 15 inquires as to what the City contends it contends about its claims. Further, through a contention interrogatory, Bank of America would receive a response drafted by lawyers and informed by both the client and experts. In cases where the inquiry is complex, as is the case here, that is a far more "reliable and cost effective" means of discovery compared to the testimony of non-attorney 30(b)(6) witness. *See McCormick-Morgan, Inc.*, 134 F.R.D. at 287.

**TOPIC NO.16:**

If YOU contend that the making of home loans to MINORITIES insured by the Federal Housing Administration or the Veterans Administration constituted, contributed to, or furthered the LENDING DISCRIMINATION that is the basis for this Action, YOUR basis for that contention.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates by reference each of the General Objections as though fully set forth herein. In addition to the General Objections, Plaintiff objects to this Topic as vague and ambiguous, particularly as to the terms "contend," and "constituted, contributed to, or furthered." Plaintiff also objects to this Topic as compound and cumulative. Further, Plaintiff objects that this Topic is overbroad and unduly burdensome insofar as: a) it seeks information that is neither relevant to the claims or defenses in this action, b) is not reasonably calculated to lead to the discovery of admissible evidence, and c) provides no time limit and thus requires seeking discovery other than according to the phased time schedule and limitations previously agreed to by the parties. Moreover, Plaintiff objects to this Topic as

overbroad in its use of the overbroad definition of YOU. Plaintiff also objects to this Topic to the extent it seeks information that is protected by the attorney-client privilege, attorney work product doctrine, and seeks expert and legal testimony from a lay witness. In addition, Plaintiff objects that this Topic is more appropriately addressed through contention interrogatories.

Without waiving any of its General or Specific objections, Plaintiff responds that a deposition is not appropriate regarding this Topic. Plaintiff is willing to continue to meet and confer with Defendants and, without any waiver of objections, provide a substantive responsive to a contention interrogatory on this Topic.

### 1.    Bank of America's Position With Respect to Topic No. 16

Finally, Topic No. 16 goes directly to the core of the City's case that discriminatory lending allegedly took place within the Limitations Period.  The City alleges in the Complaint that somehow government-sponsored Federal Housing Administration loans and Department of Veterans Affairs loans are discriminatory in some manner. *See* Compl. ¶ 86.  Discovery between the parties has now demonstrated that those are virtually the only loan types that the City defines as "predatory" in the Complaint and that actually occurred within the Limitations Period.  Defendants are entitled to deposition testimony from the City on how loans made pursuant to federal lending programs and guidelines could be discriminatory and what evidence the City has to support such a theory.  There is no doubt that the City will be hard-pressed to explain how loan programs administered by the federal government are "predatory," but that does not relieve the City of its duty to explain its evidence and position on this issue through a deposition.

### 2.    The City's Position With Respect to Topic No. 16

Topic 16 is unsuitable for a 30(b)(6) deposition for all of the reasons previously discussed for Topics 13-15.  However, Topic 16 requires the non-attorney 30(b)(6) deponent to become an expert in Federal Housing Administration (FHA) and Veteran's Administration (VA) loan programs.  These loan programs are

20

1   highly specific and complex.  Bank of America has produced thousands of pages of

2   documents on these types of loans alone.  Even if the City's 30(b)(6) designee(s)

3   had an opportunity to review all of these documents (which they do not), there is no

4   way that the City's 30(b)(6) designee(s) could appropriately master the nuances of

5   these policies sufficiently to testify under oath.  Moreover, Topic 16 requires that

6   the non-attorney City's 30(b)(6) designee(s) testify as to the relationship between

7   the FHA and VA loans and Bank of America's "LENDING DISCRIMINATION."

8   Without any background in either law or consumer lending programs, it is overly

9   burdensome to expect the City to provide reliable deposition testimony on this issue.

10

11  **IV.   CONCLUSION**

12       **A.   BANK OF AMERICA'S CONCLUSION**

13       Bank of America respectfully requests this Court overrule the City's

14  objections and compel full testimony on the identified topics no later than April 3,

15  2015.

16       **B.   THE CITY'S CONCLUSION**

17       The City respectfully requests that this Court sustains the City's objections

18  and deny deposition testimony on the identified topics.  The City can and should be

19  permitted to provide written responses to Topics 13-16.

20

21                                     Respectfully submitted,

22  Dated:  March 10, 2015          By:  /s/ STEVEN A. ELLIS

23                                       STEVEN A. ELLIS
                                         *sellis@goodwinprocter.com*
24                                       LAURA A. STOLL
                                         *lstoll@goodwinprocter.com*
25                                       **GOODWIN PROCTER LLP**

26                                       THOMAS M. HEFFERON (pro hac vice)
                                         *thefferon@goodwinprocter.com*
27                                       MATTHEW S. SHELDON (pro hac vice)
                                         *msheldon@goodwinprocter.com*
28                                       **GOODWIN PROCTER LLP**
                                         901 New York Avenue NW

21

Washington, DC  20001
Tel.:  202.346.4000
Fax.:  202.346.4444

JAMES W. MCGARRY (pro hac vice)
*jmcgarry@goodwinprocter.com*
**GOODWIN PROCTER** LLP
53 State Street
Boston, MA  02109
Tel.:  617.570.1000
Fax.:  617.523.1231

Attorneys for Defendants:
BANK OF AMERICA CORPORATION;
BANK OF AMERICA, N.A., for itself
and as successor by merger to
Countrywide Bank, FSB;
COUNTRYWIDE FINANCIAL
CORPORATION; and COUNTRYWIDE
HOME LOANS, INC.

Dated:  March 10, 2015          By:    /s/ CHRISTOPHER PITOUN *
ELAINE T. BYSZEWSKI
*elaine@hbsslaw.com*
LEE M. GORDON
*lee@hbsslaw.com*
CHRISTOPHER PITOUN
*christopherp@hbsslaw.com*
**HAGENS BERMAN SOBOL SHAPIRO,** LLP
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Tel. 213.330.7150
Fax: 213.330.7152

Attorneys for Plaintiff:
CITY OF LOS ANGELES

                                        ***  with permission**

22

# Exhibit 1

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11                                          Case No. CV 13-9046 PA (AGRx)3

     CITY OF LOS ANGELES,                   SCHEDULING ORDER [FED. R. CIV. P.
12                                          16(b)]
                       Plaintiff,
13
                                            1.      Establishing a Discovery Cut-off
14          v.                                      Date of June 8, 2015

15   BANK OF AMERICA                        2.      Setting Motion Cut-off date of June
     CORPORATION,                                   15, 2015
16   et al.,
                                            3.      Setting Final Pretrial Conference for
17                     Defendants.                  July 17, 2015, at 1:30 p.m.

18
                                            4.      Setting Jury Trial Date of August 18,
19                                                  2015, at 9:00 a.m.

20

21

22          1.     Discovery Cut-Off.  This is the last date to complete discovery, including expert

23   discovery, and the resolution of any discovery motions before the magistrate judge.  If

24   expert witnesses are to be called at trial, the parties shall designate experts to be called at

25   trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks

26   prior to the discovery cutoff date.  Rebuttal expert witnesses shall be designated and reports

27   provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than five weeks prior to the

28

Exhibit 1  -23-

discovery cutoff date.  Failure to timely comply with this deadline may result in the expert being excluded at trial as a witness.  The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions.  Discovery motions may not be heard on an <u>ex parte</u> basis.

2.  <u>Joinder of Parties and Amendment of Pleadings</u>.  The deadline for joining parties and amending pleadings is listed in the "Schedule of Trial and Pretrial Dates" issued by the Court.  Any motions to join other parties or for leave to amend the pleadings shall be filed and served at least twenty-eight (28) days prior to the hearing deadline as required by Local Rule 6-1 so that they can be heard and decided prior to the deadline.  This deadline does not apply if the deadline for joining parties or amending pleadings has already been calendared or occurred by virtue of an order issued by this Court or another court.

In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings shall (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments and (3) state the page, line number(s), and wording of any proposed change or addition of material.

For the Court's ease of reference, the moving party shall submit to chambers a redlined version of the amended pleading.

3.  <u>Motion Filing Cut-Off</u>.  The Court hears motions on Mondays at 1:30 p.m.  The motion filing cut-off date is the last day motions may be heard (not filed).  The Court will not decide late motions.  Issues left undetermined by the passage of the motion cut-off date should be listed as issues for trial in the Final Pretrial Conference Order.  As an exception to the above, motions in limine dealing with evidentiary matters may be heard at or before trial; however, summary judgment motions disguised as motions in limine will not be heard. Parties need not wait until the discovery cut-off to bring motions for summary judgment or partial summary judgment.  However, in the usual case, the Court expects that more than the minimum notice will be provided to counsel opposing motions for summary judgment.  In the usual case, the parties should confer and agree on the date for setting such motions.

Exhibit 1  -24-

1    Ex parte applications are entertained solely for extraordinary relief. See Mission

2    Power Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict

3    adherence to proper ex parte procedures is required for any ex parte application filed with

4    the Court.

5        4.    Stipulations to Extend Time. Stipulations to extend the time to file any required

6    document or to continue any pretrial or trial date must set forth:

7        (a)  the existing due date or hearing date;

8        (b)  the current pretrial conference date and trial date;

9        (c)  the specific reasons supporting good cause for granting the extension or

10   continuance. For example, a statement that a continuance "will promote settlement" or that

11   the parties decided to suspend discovery while engaging is settlement discussions is

12   insufficient.

13       (d)  whether there have been any prior requests for extensions or continuances, and

14   whether these were granted or denied by the Court.

15       5.    Summary Judgment Motions. The Separate Statement of Undisputed Facts is to be

16   prepared in a two column format. The left hand column should set forth the allegedly

17   undisputed fact. The right hand column should set forth the evidence that supports the

18   factual statement. The fact statements should be set forth in sequentially numbered

19   paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each

20   numbered paragraph should address a single subject in as concise a manner as possible.

21       The opposing party's statement of genuine issues must be in two columns and

22   track the movant's separate statement exactly as prepared. The document must be in two

23   columns; the left hand column must restate the allegedly undisputed fact, and the right hand

24   column must indicate either undisputed, or disputed. The opposing party may dispute all or

25   only a portion of the statement, but if disputing only a portion, must clearly indicate what

26   part is being disputed. Where the opposing party is disputing the fact in whole or part, the

27   opposing party must, in the right hand column, label and restate the moving party's evidence

28   in support of the fact, followed by the opposing party's evidence controverting the fact.

1  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

2  party must cite to the evidence alleged to be objectionable and state the ground of the

3  objection and nothing more. **No argument should be set forth in this document**.

4        The opposing party may submit additional material facts that bear on or relate to

5  the issues raised by the movant, which shall follow the format described above for the

6  moving party's separate statement. These additional facts shall follow the movant's facts,

7  shall continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact

8  was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and

9  shall set forth in the right hand column the evidence that supports that statement.

10       The moving party, in its reply, shall respond to the additional facts in the same

11  manner and format that the opposition party is required to adhere to in responding to the

12  statement of undisputed facts, as described above.

13       (a) <u>Supporting Evidence</u>. No party should submit any evidence other than the

14  specific items of evidence or testimony necessary to support or controvert a proposed

15  statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire

16  sets of interrogatory responses, and documents that do not specifically support or controvert

17  material in the separate statements, should not be submitted in support or opposition to a

18  motion for summary judgment. Any such material will not be considered.

19       Evidence submitted in support or opposition to a motion should be submitted

20  either by way of stipulation or as exhibits to declarations sufficient to authenticate the

21  proffered evidence, and should not be attached to the Memorandum of Points and

22  Authorities. The Court will accept counsel's authentication of deposition transcript, of

23  written discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that</u>

24  <u>the document was in the opponent's possession is of independent significance</u>.

25  Documentary evidence as to which there is no stipulation regarding foundation must be

26  accompanied by the testimony, either by declaration or properly authenticated deposition

27  transcript, of a witness who can establish its authenticity.

28

Exhibit 1  -26-

1    If evidence in support of or in opposition to a motion exceeds twenty pages, the

2    evidence must be in a separate bound volume and include a Table of Contents.

3    (b) <u>Objections to Evidence</u>.  If a party disputes a fact based in whole or in part on

4    an evidentiary objection, the ground of the objection, as indicated above, should be stated in

5    the separate statement but not argued in that document.  Evidentiary objections are to be

6    addressed in a separate memorandum to be filed with the opposition or reply brief of the

7    party.  This memorandum should be organized **to track the paragraph numbers of the**

8    **separate statement in sequence**.  It should identify the specific item of evidence to which

9    objection is made, the ground of the objection, and a very brief argument with citation to

10   authority as to why the objection is well taken.  The following is an example of the format

11   contemplated by the Court:

12           Separate Statement Paragraph 1: Objection to the supporting

13           deposition transcript of Jane Smith at 60:1-10 on the grounds

14           that the statement constitutes inadmissible hearsay and no

15           exception is applicable. To the extent it is offered to prove her

16           state of mind, it is irrelevant since her state of mind is not in

17           issue.

18           Fed. R. Evid. 801, 802.

19   Do not submit blanket or boilerplate objections to the opponent's statements of

20   undisputed fact: these will be disregarded and overruled.

21   (c) <u>The Memorandum of Points and Authorities</u>.  The movant's memorandum of

22   points and authorities should be in the usual form required under Local Rule 7 and should

23   contain a narrative statement of facts as to those aspects of the case that are before the Court.

24   All facts should be supported with citations to the paragraph number in the Separate

25   Statement that supports the factual assertion and not to the underlying evidence.

26           Unless the case involves some unusual twist on Rule 56, the motion need only

27   contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and

28

with its interpretation under <u>Celotex</u> and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7, and where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number.

(d) <u>Timing</u>. In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-eight (28) day notice for such motions. The moving party shall submit a copy of the Statement of Uncontroverted Facts and Conclusions of Law to the Court's ECF e-mail address, in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions).

6. <u>Motions in Limine</u>. Before filing any motion in limine, counsel for the parties shall confer pursuant to Local Rule 7-3 in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. The conference shall take place in person within seven days of service upon opposing counsel of a letter requesting such conference. Unless counsel agree otherwise, the conference shall take place at the office of the moving party. If both counsel are not located in the same county in the Central District, the conference may take place by telephone. The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state briefly with respect to each such matter the moving party's position (and provide any legal authority which the moving party believes is dispositive), and specify the terms of the order to be sought.

(a)  If counsel are unable to resolve their differences, they shall prepare a Joint Motion in Limine.  The Joint Motion in Limine shall consist of one document signed by all counsel.  The Joint Motion in Limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.  The title page of the Joint Motion in Limine must state the hearing date for the motions in limine and the trial date.

(b)  Unless otherwise ordered by the Court, motions in limine will be heard on the date indicated in the Schedule of Trial and Pretrial Dates issued by the Court.  Unless the Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. The moving party shall serve its portion of the Joint Motion in Limine on the responding party fourteen (14) days prior to the date for filing of motions in limine indicated in the Schedule of Trial and Pretrial Dates.  The responding party shall then serve the opposition portion of the Joint Motion in Limine on the moving party both on paper and in an electronic format seven (7) days prior to the date for the filing of motions in limine.  The moving party shall incorporate the responding party's portion into the Joint Motion in Limine, add its arguments in reply, and file and serve the Joint Motion in Limine. Neither party's portions of a Joint Motion in Limine shall exceed eight (8) pages.

(c)  Joint Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration from the moving party that includes the following:  (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that

Exhibit 1  -29-

counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

(d)  Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

(e)  The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (1) failed to confer in a timely manner; (2) failed to provide the opposing party's portion of the joint motion in a timely manner; or (3) refused to sign and return the joint motion after the opposing party's portion was added.

(f)  The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue against the party refusing to cooperate.

7.  <u>Pretrial Conference and Trial Setting</u>.  Compliance with the requirements of Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the example set forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists shall be served and filed no later than fourteen (14) days before the Pre-Trial Conference. The Proposed Pre-Trial Conference Order shall be filed fourteen (14) days before the Pre-Trial Conference.

The Proposed Pre-Trial Conference Order must contain a Table of Contents.  Place in all capital letters and in bold the separately numbered headings for each category in the PTCO.  Under paragraph 1, list each claim, counterclaim, or defense that has been dismissed or abandoned.  In multiple party cases where not all claims or counterclaims will be

Exhibit 1  -30-

prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim directed. The factual issues in dispute should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3"). Issues of law should state legal issues upon which the Court will be required to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

In drafting the PTCO, the Court expects that counsel will attempt to agree on and set forth as many non-contested facts as possible. The Court will normally read the uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained. Failure of a party to list and identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party from calling that expert witness at trial.

This case has been placed on calendar for a Final Pretrial Conference ("PTC") pursuant to F. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly waived at the Scheduling Conference by the Court. Unless excused for good cause, each party appearing in this action shall be represented at the PTC and all pretrial meetings of counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial documents may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions.

A continuance of the Final Pretrial Conference at counsel's request or stipulation is highly unlikely. Counsel should plan to do the necessary pretrial work on a schedule which will insure its completion with time to spare before the Final Pretrial Conference.

Exhibit 1  -31-

Specifically, failure to complete discovery work, including expert discovery, is not a ground for a continuance.

Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the Court. Carefully prepared Memoranda of Contentions of Fact (which may also serve as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance with the provisions of Local Rule 16-6 and the form of the proposed Final Pretrial Conference Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

At the PTC, counsel should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, presentation of testimony on direct examination by declaration subject to cross-examination, and qualification of experts by admitted resumes. In rare cases where the PTC is waived by the Court, counsel must follow Local Rule 16-10.

8. <u>Summary of Witness Testimony and Time Estimates</u>. Counsel shall prepare a list of their witnesses, including a brief summary (two to three paragraphs) of each witness' expected testimony and an estimate of the length of time needed for direct examination; and whether the witness will testify by deposition or in person. Counsel shall exchange these lists with opposing counsel. **Counsel shall jointly file a single list of witness testimony summaries, including estimates for direct examination of their own witnesses and estimates for cross-examination of opposing witnesses.** These statements shall be filed at the time counsel file the Proposed Pre-Trial Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference. A copy of the Joint Trial Witness Form is attached to this Order.

If a party desires to offer deposition testimony into evidence at trial, he shall designate only those relevant portions of same which he wishes to read at trial and advise opposing counsel of same. Opposing counsel shall then designate those relevant portions of such deposition which he wishes to offer in evidence. All objections to any such testimony

Exhibit 1  -32-

shall be made in writing and filed at the same time counsel file the Proposed Pre-Trial

Conference Order so the Court may consider whether ruling on such objections will either

facilitate the conduct of the trial or result in the disposition of certain evidentiary matters

that may assist continuing settlement negotiations.

    9.    <u>Jury Instructions and Verdict Forms</u>.  Fourteen (14) days prior to counsel's Rule

16 pre-trial meeting, counsel shall exchange proposed jury instructions (general and special)

and special verdict forms (if applicable).  Seven (7) days prior to the Rule 16-2 meeting,

counsel shall exchange any objections to the instructions and special verdict forms.  Prior to,

or at the time of the Rule 16 meeting, counsel shall meet and confer with the goal of

reaching agreement on one set of joint jury instructions and one special verdict form.

        The parties should make every attempt to agree upon the jury instructions before

submitting them to the Court.  The Court expects counsel to agree on the substantial

majority of jury instructions, particularly when pattern instructions provide a statement of

applicable law.  When the Manual of Model Civil Jury Instructions for the Ninth Circuit

provides a version of an applicable requested instruction, the parties should submit the most

recent version of the Model instruction.  Where language appears in brackets in the model

instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed

text.  Where California law applies, counsel should use the current edition of the Judicial

Council of California Civil Jury Instructions ("CACI").  If neither of the above sources is

applicable, counsel are directed to use the instructions from O'Malley, Grenig & Lee

(formerly Devitt, <u>et al</u>.), Federal Jury Practice and Instructions (latest edition).  Each

requested jury instruction shall cover only one subject or principle of law and shall be

numbered and set forth in full on a separate page, citing the authority or source of the

requested instruction (except for the "clean" jury copy discussed below).

        When the parties disagree on an instruction, the party opposing the instruction

must attach a short statement (one to two paragraphs) supporting the objection, and the party

submitting the instruction must attach a short statement supporting the instruction.  Each

1 statement should be on a separate page and should follow directly after the disputed

2 instruction.

3       The parties ultimately must submit one document or, if the parties disagree over

4 any proposed jury instructions, two documents.  If the parties submit two documents, those

5 documents shall consist of: (1) a set of Joint Proposed Jury Instructions and (2) a set of

6 Disputed Jury Instructions, along with reasons supporting and opposing each disputed

7 instruction in the format set forth in the previous paragraph.

8       The parties must file proposed jury instructions fourteen (14) days before the Pre-

9 Trial Conference.  If the court is closed that day, counsel shall file the proposed instructions

10 the preceding Friday.  No later than 5:00 p.m. on the date such instructions are due, the

11 parties must submit conformed courtesy copies to the Court's courtesy box located outside

12 the entrance to chambers on the Spring Street level of the U.S. Courthouse.  Counsel shall

13 also submit a copy of the proposed jury instructions to the Court's ECF e-mail address in

14 WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier

15 versions) in accordance with this paragraph and the previous paragraph.

16       The Court will send a copy of the instructions into the jury room for the jury's use

17 during deliberations.  Accordingly, in addition to the file copies described above, the e-mail

18 containing the jury instructions shall contain a "clean set" of Joint Proposed and/or Disputed

19 Jury Instructions, containing only the text of each instruction set forth in full on each page,

20 with the caption "Court's Instruction No. __" (eliminating titles, supporting authority,

21 indication of party proposing, etc.).

22       An index page shall accompany all jury instructions submitted to the Court.  The

23 index page shall indicate the following:

24       (a)  The number of the instruction;

25       (b)  A brief title of the instruction;

26       (c)  The source of the instruction and any relevant case citations; and

27       (d)  The page number of the instruction.

28       EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined | 9th Cir. 15.3.2 | 7 |
|  | (15 U.S.C. § 1127) | | |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) days before the Pre-Trial Conference and e-mail any such proposed special verdict form in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions) to the Court's ECF e-mail address.

10. <u>Voir Dire Questions</u>. Counsel may, but need not, submit brief proposed <u>voir dire</u> questions for the jury at the Pre-Trial Conference. The Court will conduct its own <u>voir dire</u> after consulting any proposed <u>voir dire</u> submitted by counsel.

11. <u>Joint Statement of the Case</u>. Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of <u>voir dire</u>. The statement should not exceed one page. The statement shall be filed with the Court at the Pre-Trial Conference.

12. <u>Exhibits</u>. The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the Courtroom Deputy Clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-4 when numbering the exhibits. The Clerk's Office, Room G-8, 312 North Spring Street, Los Angeles, California can supply counsel with appropriate exhibit tags.

13. <u>Pre-Trial Exhibit Stipulation</u>. The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. All exhibits to which there is no objection shall be deemed admitted. All parties shall

Exhibit 1  -35-

stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit

Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the

specific reasons for the party's failure to stipulate.

The Stipulation shall be substantially in the following form:

<u>Pre-Trial Exhibit Stipulation</u>

<u>Plaintiff's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Objection</u> |
|---|---|---|---|

<u>Defendant's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Objection</u> |
|---|---|---|---|

The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel files the

Proposed Pre-Trial Conference Order. Failure to comply with this paragraph shall constitute

a waiver of all objections.

The Court requires the following to be submitted to the Courtroom Deputy Clerk

on the first day of trial:

(1)     The original exhibits with the Court's exhibit tags. Plaintiff shall use yellow tags; defendant shall use blue tags. Each tag shall be stapled to the front of the exhibit on the upper right corner and include the case number, case name, and exhibit number.

(2)     One bench book with a copy of each exhibit for the Court's use, tabbed as described above; a copy of the witness lists).

(3)     Three (3) copies of exhibit lists. The exhibit list should also be submitted to the Court's ECF e-mail address in both a PDF version and a WordPerfect(X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions) version.

(4)     Three (3) copies of witness lists in the order in which the witnesses will be called to testify.

Exhibit 1  -36-

All counsel are to meet no later than fourteen (14) days before trial to discuss and agree to the extent possible on issues including foundation and admissibility.

14. <u>Findings of Fact and Conclusions of Law</u>. For a non-jury trial, counsel for each party shall file and serve proposed findings of fact and conclusions of law fourteen days before trial. The parties should also e-mail these proposed findings of fact and conclusions of law in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions) to the Court's ECF e-mail address. Counsel for each party shall then:

(1)   Underline or highlight in red the portions which it disputes;

(2)   Underline or highlight in blue the portions which it admits; and

(3)   Underline or highlight in yellow the portions which it does not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of it irrelevant.

The parties should then file and serve their respective objections to the other party's proposed findings of fact and conclusions of law. Courtesy copies of the marked copies shall be delivered to the courtesy box next to the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, by 12:00 noon of the business day following filing.

15. <u>Settlement</u>. Local Rule 16-15.2 provides that the Settlement Conference shall be conducted not later than 45 days before the Pretrial Conference. The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process. However, in many cases, the parties find it more difficult to settle after they have incurred the cost of all discovery and motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue settlement earlier.

Notwithstanding the provisions of Local Rule 16-15.5, unless the parties have received prior approval by the Court, lead trial counsel and each party shall appear at the settlement proceeding in person or, in the case of a corporation or other non-governmental

Exhibit 1 -37-

1  entity, by a corporate representative with final authority to settle the case and who is
2  knowledgeable about the facts of the case. Representatives of insurers with decision-making
3  authority are also required to attend the settlement proceedings in person unless their
4  presence is expressly excused by the Court. The Court's requirement that lead trial counsel,
5  parties, corporate representatives, and insurer representatives must appear at the settlement
6  proceedings in person unless they have been expressly excused by the Court applies to
7  individuals located both within and outside the Central District of California.

8         The Court has a keen interest in helping the parties achieve settlement. If the
9  parties believe that it would be more likely that a settlement would be reached if they
10 conduct settlement conference at an earlier time than that specified by the Court, they should
11 conduct it at that time. In any event, the parties must together file a single Joint Status
12 Report re Settlement at the time they file the Proposed Pretrial Order.

13         The Court will not conduct settlement conferences in non-jury cases which the
14 Court will try. In jury cases, the Court will conduct a settlement conference at the parties'
15 request if three conditions exist:

16         1.  The parties are satisfied that the fact issues in the case will be tried to a jury;
17         2.  All significant pre-trial rulings which Court must make have been made; and
18         3.  The parties desire the Court to conduct the conference, understanding that if
19 settlement fails, the Court will preside over the trial of the case.

20  16. Sanctions. The failure to attend the pretrial conference or to submit in conformity
21 with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case,
22 voir dire questions, summary of witness testimony and times estimates, proposed Pretrial

1 | Conference Order or the memorandum of contentions of fact and law may result in the

2 | dismissal of the action, striking the answer and entering default and/or the imposition of

3 | sanctions.

4 |          IT IS SO ORDERED.

5 |  Dated: August 15, 2014

6 |

7 |                                            Percy Anderson
  |                               UNITED STATES DISTRICT JUDGE

8 |

9 | Revised:  10/29/2013

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

JOINT TRIAL WITNESS ESTIMATE FORM

CA  _____          TRIAL DATE:  _____

SE:  _____                                    _____

|   | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 |   |   |   |   |   |
| 2 |   |   |   |   |   |
| 3 |   |   |   |   |   |
| 4 |   |   |   |   |   |
| 5 |   |   |   |   |   |
| 6 |   |   |   |   |   |
| 7 |   |   |   |   |   |
| 8 |   |   |   |   |   |
| 9 |   |   |   |   |   |
| 1 |   |   |   |   |   |
|   | TOTAL ESTIMATES THIS PAGE: |   |   |   |   |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care."
(3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour.  E.g., if you estimate 20 minutes, make it .25.  An

Exhibit 1  -40-

estimate of one and one-half hours would be 1.5.  An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column.  <u>E.g.</u>, "Needs interpreter."  (5) Entries may be in handwriting <u>if</u> <u>very</u> <u>neat</u> <u>and</u> <u>legible</u>.

Exhibit 1  -41-

# Exhibit 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9046 PA (AGRx) | Date | February 3, 2015 |
|---|---|---|---|

| Title | City of Los Angeles v. Bank of America Corporation, et al. |
|---|---|

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:

None                                                          None

**Proceedings:**          IN CHAMBERS — COURT ORDER

        Before the Court is the parties' Joint Application to Amend Scheduling Order (Docket No. 79). The Court concludes that the parties have not established good cause for the five-month continuance they seek.  The Court will, however, continue the trial from August 18, 2015, to December 1, 2015.  All other pretrial dates that have not yet expired will be continued by a corresponding amount of time. Dates set by the Court in this action are listed in the "Schedule of Trial and Pretrial Dates" attached to this order.  The dates set by the Court are firm dates.  Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates.

        The Court further sets April 27, 2015, as the last date for the hearing on defendants' contemplated motion for summary judgment focused on their statute of limitations defense.  That motion shall be noticed and served pursuant to Local Rule 6-1 such that the hearing is calendared for no later than April 27, 2015.

        IT IS SO ORDERED.

Exhibit 2  -42-

U.S. District Judge Percy Anderson
Schedule of Trial and Pretrial Dates

| CASE NO.: | CV 13-09046 |
| --- | --- |

**PARTIES:**     **City of Los Angeles**

                      -v-

    **Bank of America Corporation, et al.**

**COMPLAINT FILED:**     **12/06/13**

| TRIAL TYPE: | Jury |
| --- | --- |

SETTLEMENT CHOICE:
Court/Magistrate
Court's Mediation Panel
Private Dispute Resolution        X
Judicial Settlement Panel

| DATE | MATTER |
| --- | --- |
| **12/01/15** | Jury Trial at 9:00 a.m. |
| **11/26/15** | File Final Trial Exhibit Stipulation |
| **11/23/15** | Hearing on Motions in Limine at 1:30 p.m. |
| | Hearing on Disputed Jury Instructions at 1:30 p.m. |
| **11/06/15** | Final Pretrial Conference at 1:30 p.m. |
| | Motions in Limine to be Filed |
| | Proposed Voir Dire Questions & Agreed-to Statement of Case |
| **10/23/15** | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation |
| | File Contentions of Fact & Law |
| | Exhibit & Witness Lists |
| | File Joint Status Report Regarding Settlement |
| | File Agreed Upon Set of Instructions & Verdict Forms |
| | File Joint Statement Regarding Disputed Instructions, Verdicts, etc. |
| **10/05/15** | Last Date to Conduct Settlement Conference |
| **09/28/15** | Last Day for Hearing Motions |
| **09/21/15** | Discovery Cut-off |
| **11/10/14** | Last Day for Hearing on Motion to Amend Pleadings or Add Parties |

Exhibit 2  -43-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 South Figueroa Street, 41st Floor, Los Angeles, California  90017.

On **March 10, 2015**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION OF PLAINTIFF CITY OF LOS ANGELES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  I further certify that some of the participants in the case are not registered CM/ECF users. I have served the foregoing document(s) to the following non-CM/ECF participants:

Michael N. Feuer                          Counsel for Plaintiff: *City of Los*
City Attorney                                                          *Angeles*
LOS ANGELES CITY ATTORNEY'S                    Tel. 213.978.8100
OFFICE                                                Fax: 213.978.8785
City Hall East                                        Mike.feuer@lacity.org
200 North Main Street,  6th Floor
Los Angeles, CA  90012

☑    By (MAIL).  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐    By (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **March 10, 2015**, at Los Angeles, California.


_____          _____
      Simone Robinson                              (Signature)
   (Type or print name)

ACTIVE/81289213.1