1 STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
2 LAURA A. STOLL (SBN 255023)
*lstoll@goodwinprocter.com*
3 **GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
4 Los Angeles, CA  90017
Tel.:  213.426.2500
5 Fax.:  213.623.1673

6 Attorneys for Defendants:
BANK OF AMERICA CORPORATION;
7 BANK OF AMERICA, N.A., for itself and
as successor by merger to Countrywide
8 Bank, FSB; COUNTRYWIDE
FINANCIAL CORPORATION; and
9 COUNTRYWIDE HOME LOANS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CITY OF LOS ANGELES, a municipal corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS; and COUNTRYWIDE BANK, FSB,<br><br>    Defendants. | Case No. 2:13-cv-09046-PA-AGR<br><br>**DECLARATION OF DAVID W. STECKEL IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS**<br><br>Date:        May 11, 2015<br>Time:        1:30pm<br>Courtroom: 15<br>Judge:       Hon. Percy Anderson<br><br>Complaint filed:  December 6, 2013<br><br>Filed concurrently with the following:<br>  1. Notice of Motion;<br>  2. Memorandum of Points and Authorities;<br>  3. Separate Statement of Undisputed Facts & Conclusions of Law;<br>  4. Declaration of Nicole Patterson;<br>  5. Declaration of Steven Ellis; and<br>  6. Proposed Judgment |

ACTIVE/81474167.1

# DECLARATION OF DAVID W. STECKEL

I, David W. Steckel, under the penalties of perjury hereby depose and state as follows:

1. I am employed by Bank of America, N.A. ("BANA") as a Senior Vice President and First Mortgage Product and Pricing Executive for Home Loans. In that capacity, I am familiar with the loan products that BANA offers to customers and am generally familiar with the qualifications, terms, pricing, and underwriting of those products. As part of my responsibilities, I routinely review BANA policies and procedures, including loan product guides and underwriting guides promulgated by BANA.

2. I have been employed by BANA since 2005, was previously employed by a predecessor entity since 1996, and I have been in my current position since June 2014.

3. I submit this Declaration in support of Defendants' Motion for Summary Judgment. Unless stated otherwise, this Declaration is based on my personal knowledge and familiarity with the business records regularly kept in the ordinary course of BANA's business, which includes BANA's policies and procedures. If called to testify as to any of the matters set forth in this Declaration, I could and would competently testify thereto.

4. I have reviewed a BANA policy document titled Public Policy, which I understand has been Bates-stamped LABAC-0000006245 to LABAC-0000006250 in this matter and filed with this Court. I can confirm, based on this document and my independent knowledge, that since December 31, 2008, BANA has not offered its customers any of the following mortgage loan products:

   a. subprime mortgage loans;
   b. mortgage loans with balloon payments;
   c. mortgage loans that result in negative amortization;
   d. mortgage loans with mandatory prepayment penalties;

    e. mortgage loans that do not require documentation from the borrower in order to be processed and underwritten;

    f. high cost mortgage loans, as defined by the Home Ownership and Equity Protection Act, except through a limited program with the non-profit Neighborhood Assistance Corporation of America; or

    g. mortgage loans that do not require borrower income verification for the underwriting process, except for certain federal government refinance products and refinance products available to affluent customers through BANA's Global Wealth and Investment Management program where those borrowers have documentation of substantial liquid assets available.

5. Since at least December 5, 2011, BANA has not made any wholesale loans, except for a small program with the non-profit Neighborhood Assistance Corporation of America.

6. Counsel has informed me that Plaintiff in this matter has alleged that loans corresponding to the following BANA loan product identification numbers are discriminatory: 659, 1062, 1077, and 1078. These loan product identification numbers identify the following BANA loan products:

    a. 659: Non-conforming, ARM LIBOR 10/1 Interest Only 5-2-5, loan product;

    b. 1062: Conforming, ARM LIBOR 5/1, 10-Year-Interest Only, 5-2-5 loan product;

    c. 1077: Non-conforming, ARM LIBOR 5/1, 10-Year-Interest Only, 5-2-5 loan product; and

    d. 1078: Non-conforming ARM LIBOR 7/1, 10-Year-Interest Only, 5-2-5 loan product.

7. Each of the loan products identified in Paragraph 6 are interest-only loan products. These interest only loan products offer the borrower a defined period of

time, generally 5-10 years, where the borrower pays accruing interest only, but not principal on the loan. After that period, the borrower makes fully-amortized payments consisting of both principal and interest. Since December 5, 2011, the three products listed above as "non-conforming" all had loan eligibility requirements that were stricter than the requirements for many types of fully-amortizing conventional loan products. For example, since December 5, 2011, the three products listed above as "non-conforming" required a minimum FICO score of at least 720, a maximum loan to value of no more than 80% (often meaning the borrower must make a 20% down payment or more), and asset reserves of at least 20 months of loan payments. Since December 5, 2011, the product listed above as "conforming" also had loan eligibility requirements that were stricter than the requirements for many types of fully-amortizing conventional loan products. For example, since December 5, 2011, the product listed above as "conforming" required a minimum FICO score of at least 720, a maximum loan to value of no more than 70% (often meaning the borrower must make a 30% down payment or more), and asset reserves of at least 24 months of loan payments. The strict eligibility requirements for all four loan products identified in paragraph 6 indicate that these loan products were available only to well-qualified borrowers with characteristics such as high credit scores and significant asset reserves.

8. Counsel has informed me that Plaintiff in this matter has alleged that certain loans corresponding to BANA loan product identification numbers 195, 196, and 364 are discriminatory. These loan product identification numbers identify the following BANA loan products:

    a. 195: Conforming Fixed 15-Year Refinance Fastrack loan product,

    b. 196: Conforming Fixed 30-Year Refinance Fastrack loan product, and

    c. 364: Conforming Fixed 20-Year Refinance Fastrack loan product.

9. Each of the loan products identified in Paragraph 10 concerns a specific type of refinance loan product that is available only from the federal government, through government sponsored entities, under the Making Home Affordable Program

- 4 -

("MHA"). The federal government, through government sponsored entities, established the documentation standard on these products. These MHA loan products, such as those available through HAMP and the Home Affordable Refinance Program ("HARP"), require that the refinance provide a demonstrated net benefit to the borrower. For instance, HARP requires that the refinance must do at least one of the following: reduce the borrower's monthly principal and interest payment, reduce the loan's interest rate, reduce the loan's amortization term, and/or refinance the loan from an ARM to a fixed-rate. MHA "Fastrack" refinances can only be offered if: (i) a borrower's loan was sold to the Federal National Mortgage Association ("Fannie Mae") or the Federal Home Loan Mortgage Corporation ("Freddie Mac") on or before June 1, 2009, AND (ii) if the borrower is current on his/her monthly mortgage payments. MHA "Fastrack" refinances are processed and underwritten in accordance with guidelines promulgated by the federal government through Fannie Mae and Freddie Mac.

10. Counsel has informed me that Plaintiff in this matter has alleged that certain Home Equity Lines of Credit ("HELOCs") are discriminatory. A HELOC is a line of credit that allows a homeowner to borrow up to a pre-determined authorization amount, but the borrower is not required to borrow any amount on the line of credit. Since at least December 5, 2011, BANA HELOCs have been set to the Wall Street Journal Prime interest rate plus a margin. Since at least December 5, 2011, BANA has used regularly updated rate sheets that provide the generally applicable margin for HELOCs. The interests rates reflected in the rate sheets are controlled by a number of factors that include total loan to value amount and the line of credit amount. Since at least December 5, 2011, BANA's HELOC loan products have had two repayment periods: a draw period, generally 10 years, and, after that, a repayment period, generally 15 years. During the draw period, the borrower can access the line of credit and the minimum payment required is only the interest due on the amount currently outstanding or, if the borrower elects, the interest due plus an additional amount.

During the repayment period, the borrower can no longer access the line of credit and the outstanding amount is repaid through amortized payments consisting of both principal and interest.

11. Counsel has informed me that Plaintiff in this matter has alleged that certain loans where the loan processing and underwriting documentation is recorded in BANA's data records as being "Streamlined" are discriminatory. The term "Streamlined" documentation refers to a specific loan processing and underwriting documentation standard where the minimum documentation requirements are set directly by the federal government. "Streamlined" documentation is available only for certain refinances of government loans, for example loans insured by the Federal Housing Administration, and all such loans are processed and underwritten in accordance with federal government guidelines, as well as any additional guidelines set by the lender. These guidelines include the requirement that all "Streamlined" refinance loans must confer a net tangible benefit on the borrower, such as through at least a five-percent reduction in the combined principal, interest and mortgage insurance payment or through a refinance of an ARM to a fixed-rate mortgage.

12. Counsel has informed me that some of the loans that Plaintiff alleges to be discriminatory in this case were processed with "Alt" documentation. "Alt," or alternative documentation, refers to situations where BANA utilizes one form of documentation for a particular underwriting requirement in lieu of another form. For example, a borrower seeking a particular loan product may be required to provide verification of income through written verification of employment, but the borrower may be unable to do so if, for instance, the employer delays in providing such a verification. In that situation the borrower may be able to provide a paystub and a W-2 in lieu of the written verification requirement, and the documentation standard on the loan would be reflected as "Alt."

13. My statements in this paragraph concern BANA's practice for setting interest rates for first lien mortgages after December 5, 2011. During this period,

- 6 -

1  BANA has used regularly updated rate sheets that provide the generally applicable
2  interest rates for first lien loan products.  The interests rates reflected in the rate sheets
3  are controlled by a number of factors that include loan product type, credit score, loan
4  to value ratio, loan amount, number of units, occupancy status, first time home buyer
5  status, and secondary market considerations.  Rate sheets are not affected or controlled
6  in any way by borrower race or ethnicity.

9  ///

12  ///

15  ///

ACTIVE/81474167.1

**Goodwin Procter LLP**
**601 S Figueroa Street, 41st Floor**
**Los Angeles, California 90017**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March ___, 2015.

                                                   _____
                                                   DAVID W. STECKEL

Goodwin Procter LLP
601 S Figueroa Street, 41st Floor
Los Angeles, California 90017

- 8 -

ACTIVE/81474167.1